Carl E. Kingston, Utah Bar No. 01826
3212 South State Street
Salt Lake City, Utah
84115 801-486-1458
cek@ceklawoffice.com
Attorney for Paul Kingston, Patricia Kingston, Paul Kingston, Jr., Davis County Cooperative Society, Inc., Latter Day Church of Christ, Deborah Williams

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| Amanda Rae Grant; Jenny Kingston; Jana Nicole Johnson; Julie Ruth Green; Michelle Ruth Michaels; Allison Eames, Priscilla Tucker, Brenda Collins, Katie Martin, and Mary Ann Robinson,<br>Plaintiffs,<br><br>vs.<br><br>Paul Elden Kingston, *et al.*,<br>Defendants. | **MOTION FOR COSTS OF PREVIOUSLY DISMISSED ACTION**<br><br>Case No.<br>2:24-cv-00155-JCB<br><br>Judge |

Defendants Paul Elden Kingston, Patricia Kingston, Paul Elden Kingston, Jr., Deborah Williams, Davis County Cooperative Society, Inc. and Latter Day Church of Christ hereby request and motion the Court for an order requiring Plaintiffs to pay the costs of their previously dismissed action in Utah State court under Fed. R. Civ. P. 41(d). In addition, Defendants request that the Court issue a stay on the proceedings until the costs are paid in full by Plaintiffs.

## Background

1. On September 7th, 2022, Plaintiffs Amanda Rae Grant; Jenny Kingston; Allison Eames; Michelle Michaels; Jana Nicole Johnson; and Julie Ruth Nichols (Green) filed a lawsuit in Third

1

District Court, State of Utah against these Defendants, based on the same facts alleged in this case and largely the same claims.

2. Defendants subsequently filed various Motions to Strike Portions of the Complaint, Motions to Dismiss for Failure to State a Claim, and/or Answers to the Complaint.

3. Other defendants in the State Case filed multiple motions which amounted to dozens of motions, mostly motions to dismiss.

4. The Court in the state case then held a Scheduling Conference wherein Plaintiffs' Counsel informed the Court that the Plaintiffs intended to voluntarily dismiss the Complaint and refile the case in Federal Court.

5. Defendants argued against voluntary dismissal at the scheduling conference as they had already spent a significant sum on legal fees, defending against the Plaintiffs' state court action. However, Plaintiffs' counsel argued that Defendants were free to ask for their attorney's fees if the case was refiled in federal court.

6. On March 5, 2023, Plaintiffs filed their "Proposed Order on February 23, 2023 Scheduling Conference", which Defendants approved as to form and which provided that Plaintiffs' claims could be dismissed and refiled in Federal Court. The Proposed Order stated in paragraph 7, "Any issue of costs under Federal Rule 41(d) is for determination by the Federal court."

7. On May 17, 2023, Plaintiffs filed their Proposed Order Dismissing their case.

8. On May 19, 2023, pursuant to the proposed order, the Court Ordered that the case be dismissed without prejudice.

9. Plaintiffs then refiled this case approximately one year later. While the complaint is based on the same alleged facts and claims, it is somewhat different and more vague, presumably to avoid statute of limitations and other arguments.

10. It appears from the Complaint that Plaintiffs used the state case as an opportunity to shore up their federal Complaint and correct many of the errors made in their state case Complaint.

11. Defendants spent thousands of dollars on legal fees defending against the claims made against them in the state case and are unable to use much of the work product from the state case because of Plaintiffs' alterations to the Complaint.

## Legal Standard

Fed. R. Civ. P. 41(d):

> (d) Costs of a Previously Dismissed Action. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

## Argument

The facts presented in this case strongly support the argument that the Court should require the plaintiffs to pay for the defendants' legal fees under Federal Rule 41(d).

The plaintiffs filed a lawsuit in state court based on the same facts and largely the same claims as the federal case. This indicates a pattern of litigious behavior, potentially using the legal system as a tool to gain an advantage through multiple avenues.

The timeline shows a series of motions and responses filed by all parties, indicating significant legal activity in the state case. The defendants had to expend considerable resources to defend against the plaintiffs' claims.

After using the state case to potentially strengthen their federal complaint, the plaintiffs voluntarily dismissed the state case and refiled it in federal court. This strategic move further demonstrates an intent to burden the defendants with legal expenses and prolong the litigation process.

The fact that the plaintiffs used the state case to improve their federal complaint indicates that they may have initially filed the state case with less preparation or weaker arguments, potentially knowing that they would refile in federal court.

The defendants incurred thousands of dollars in legal fees defending against the claims made in the state case. It would be unjust for them to bear this financial burden, especially considering the plaintiffs' actions.

Given these factors, it is evident that the plaintiffs engaged in a pattern of litigation and strategic maneuvers that unfairly burdened the defendant with legal fees. Requiring the plaintiffs to pay for the defendants' legal fees under Federal Rule 41(d) would serve the interests of justice and discourage similar abusive tactics in the future.

## Conclusion

In conclusion, it is clear that the plaintiffs engaged in a calculated campaign of litigation and strategic maneuvering, resulting in undue financial hardship for the defendants. Requiring the plaintiffs to assume responsibility for the defendants' legal fees under Federal Rule 41(d) is not only warranted but imperative to uphold the integrity of the legal process and deter similar tactics in the future. Defendants respectfully request that the court order that Defendants may file evidence of their costs and expenses incurred in the State case, that the Court review the same and Order Plaintiffs and their counsel to pay those costs and expenses necessarily incurred.

DATED this __23__ day of July, 2024.

/s/ Carl E. Kingston
*Carl E. Kingston*

CERTIFICATE OF SERVICE

    I certify that on July _22_, 2024 the above Motion for Costs of Previously Dismissed Action was served on all parties appearing of record by efiling it with the Court.

                                /s/ Carl E. Kingston
                                Carl E. Kingston