Ryan C. Kingston (U.S.B. No. 14000)
ryankingston32@gmail.com
3212 S. State Street
Salt Lake City, Utah 84115
Telephone: (801) 915-9035
*Attorney for Hyrum Kingston, Sally Kingston, Jacob Kingston, Jacob Kingston, Jr.*

| | |
|---|---|
| **IN THE UNITED STATES DISTRICT COURT**<br>**DISTRICT OF UTAH, CENTRAL DIVISION** | |
| AMANDA RAE GRANT, et al.,<br>　　　Plaintiffs,<br><br>　　　　　vs.<br><br>HYRUM KINGSTON, SALLY KINGSTON,<br>JACOB KINGSTON, JACOB KINGSTON,<br>JR., et al.,<br>　　　Defendants. | **MOTION TO DISMISS**<br><br>**Case No. 2:24-cv-00155-JCB**<br><br>Judge:<br>Magistrate Judge: Hon. Jared C. Bennett |

Hyrum Kingston, Sally Kingston, Jacob Kingston, Sr., and Jacob Kingston, Jr. ("the Defendants") respectfully submit this Motion to Dismiss ("the Motion") Plaintiffs' First Amended Complaint ("Complaint") with prejudice under Federal Rule of Civil Procedure 12 for failure to state a claim upon which relief can be granted or, in the alternative, to strike.

**Table of Contents**

Table of Contents ........................................................................................................................... 1

Table of Authorities........................................................................................................................ 2

Relief Sought and Grounds............................................................................................................. 3

Summary of the Complaint's Allegations....................................................................................... 4

Statement of Allegations Against the Defendants.......................................................................... 6

Legal Standard .............................................................................................................................. 11

ARGUMENT.................................................................................................................................. 11

　I.　Plaintiffs Have Failed to State Any Claims Against the Defendants. ...................................12

　II.　The Causes of Action Alleged Against the Defendants are Time-Barred...........................19

Conclusion ..................................................................................................................................................22

**Table of Authorities**

| Cases | |
|---|---|
| *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) | 10, 11, 12, 15 |
| *Ashcroft v. Iqbal,* 556 U.S. 662, 678-80 (2009) | 11, 12 |
| *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) | 11 |
| *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) | 11, 17, 18 |
| *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) | 12, 17 |
| *Hart v. Salois*, 605 Fed. App'x 694, 701 (10th Cir. 2015) | 13 |
| *GeometWatch Corp. v. Hall*, No. 1:14-cv-00060- JNP-PMW, 2017 WL 1136946, at *5 (D. Utah Mar. 27, 2017) | 13 |
| *Jacobs v. Credit Suisse First Boston*, No. 11-cv-00042-CMA-KLM, 2011 WL 4537007, at *2 (D. Colo. Sept. 30, 2011) | 13, 14, 15, 16 |
| *Cantley v. Jacobson Holdings*, Inc., No. 2:24-cv-02071-EFM-BGS, 2024 WL 2321083, at *2 (D. Kan. May 22, 2024) | 13, 14 |
| *D.J. Young Pub. Co. ex rel. Young v. Unified Gov't of Wyandotte County/Kansas City* | 13, 14 |
| *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007) | 16 |
| *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) | 16 |
| *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 495 (1985) | 18 |
| *Gillmor v. Thomas,* 490 F.3d 791, 797 n. 4 (10th Cir.2007) | 19 |
| *Holmes v. Sec. Investor Protection Corp.,* 503 U.S. 258, 268, 276 (1992) | 19 |
| *Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) | 20 |
| *Tucker v. State Farm Mut. Auto Ins. Co.*, 2002 UT 54, ¶¶ 8, 11, 53 P.3d 947 | 20 |
| *Pliuskaitis v. USA Swimming, Inc.*, 243 F. Supp. 3d 1217, 1228-29 (D. Utah 2017) | 20 |
| *HKS Architects Inc. v. MSM Enters. LTD*, 2021 UT App 70, ¶¶ 20-21, 496 P.3d 228 | 20, 21 |
| *Agency Holding Corp.*, 483 U.S. 143 (1987) | 21 |
| | |
| Statutes | |
| 18 U.S.C. § 1589 | 16, 17 |
| 18 U.S.C. § 1590 | 17 |
| 18 U.S.C. § 1595 | 20, 21 |
| 18 U.S.C. § 1964 | 18, 19 |
| 18 U.S.C. §  1962 | 19 |
| 29 U.S.C. § 216 | 18 |
| 29 U.S.C. § 255 | 21 |
| Utah Code § 76-5-308 | 18 |
| Utah Code § 76-5-309 | 18 |
| Utah Code § 76-5-310 | 18 |
| Utah Code § 78B-3-113 | 18, 20, 21 |
| Utah Code § 78B-2-108 | 21 |
| Utah Code § 78B-2-308 | 21 |
| Utah Code § 78B-2-305 | 21 |
| Utah Code § 78B-2-307 | 21 |

| | |
|---|---|
| Federal Rules of Civil Procedure | |
| Rule 8 | 12 |
| Rule 12 | 11, 14, 17 |

### Relief Sought and Grounds

All claims against the Defendants should be dismissed. In Plaintiffs' unprecedented 135 page, 714 paragraph complaint, the allegations against the Defendants are sparse. For example, the allegations against Defendant Hyrum Kingston personally, amount to him instructing Plaintiff Amanda Grant that she had a right to have a support person in the room with her when she was being interviewed by the DCFS. In addition, Grant makes a conclusory claim that she suffered physical abuse at the hands of Hyrum for failure to comply with the Ensign Learning Center dress code. Other than that, there are no substantive factual allegations about the Defendants related to Plaintiffs. In addition, the Complaint has little that can support the claims against the other Defendants other than conclusory allegations and thus should be dismissed.

Consequently, the claims against the Defendants should be dismissed for two reasons. First, Plaintiffs fail to state any claim against the Defendants. The Complaint is a classic example of impermissible shotgun pleading. There are two factual allegations about Hyrum. Other than that, Plaintiffs lump Hyrum collectively with numerous other defendants in an attempt to fabricate twelve causes of action against him. But absent factual allegations that support these causes of action, the claims against him should be dismissed. Likewise, there is little to support the claims against the other defendants and thus the claims against them should also be dismissed.

Second, even if Plaintiffs had sufficiently pled claims against the Defendants (they have not), all the claims against Hyrum are time-barred. The only Plaintiff who has alleged any interaction with Hyrum is Grant. But the limitations period for all claims or causes of action stated in the Complaint under both state and federal law is ten years or less, which may have been tolled until Grant's

eighteenth birthday depending on the claim. But the very longest limitations period is ten years after Grant's eighteenth birthday. As alleged in the Complaint, Grant turned eighteen in August 2013, more than ten years before this case was filed. Thus, the limitation periods for Grant's claims against Hyrum expired before she filed her original complaint, and her claims are time-barred. Likewise, many of the claims against the remaining Defendants are also time-barred.

### Summary of the Complaint's Allegations

Plaintiffs' Complaint names 46 defendants, comprised of numerous individuals, businesses, and entities, including the Defendants. According to the Complaint, the 46 defendants participated in a decades-long conspiracy that is operated by a polygamous group identified as the "Order." (*See* Complaint ¶¶ 1-18, 609-615.) According to Plaintiffs, the Order was originally a religious organization founded in 1935 by Charles Elden Kingston, but since that time, has become a large financial and criminal enterprise consisting of a "network of businesses" controlled by the Kingston family. (*Id.* ¶¶ 1-18, 90-615.)

According to Plaintiffs, certain "core conspirators" have operated "two core conspiracies" that have allegedly harmed the plaintiffs. (*Id.* ¶¶ 609-615.) The first core conspiracy is purportedly focused on furthering illegal marriages, sexual exploitation, and abuse of Order members, while the second is allegedly focused on facilitating illegal labor trafficking and related labor practices. (*Id.*) Plaintiffs identify the "core conspirators" as members of the Kingston family,[1] the Davis County Cooperative Society, Inc., and the Latter-Day Church of Christ. (*Id.*)

Plaintiffs allege, among other things, that to further their conspiratorial goals, the "core conspirators" and others have forced them into unwanted and illegal marriages; physically, sexually, and emotionally abused them (and/or facilitated and allowed them to be so abused); labor trafficked

---

[1] Specifically, Paul Elden Kingston, John Daniel Kingston, Sr., Hyrum Dalton Kingston, David Ortell Kingston, Jesse Orvil Kingston, Jason Ortell Kingston, Sr., and Jacob Ortell Kingston, Sr. (Complaint ¶ 610.)

them to work at various "Order Businesses"; and converted or failed to pay them the wages to which they were entitled. (*Id.* ¶¶ 609-714.) While the sex-related core conspiracy is alleged to have been chiefly perpetrated by the "core conspirators," the Complaint alleges that the other defendants conspired with the "core conspirators" to facilitate and further the labor-related conspiracy. (*Id.*) As relevant here, the Complaint alleges that approximately 25 corporate defendants— all allegedly owned and controlled by the Order—were involved in furthering the labor-related core conspiracy. (*Id.* ¶¶ 54-87, 97-115, 158-260; 616-625, 637-666 & Exhibit A.)

Based on the alleged "core conspiracies," and to recover for the harms Plaintiffs have suffered from them, the Complaint asserts the following 12 causes of action variously against the 46 defendants:

    1.      Labor Trafficking in Violation of Federal Law;

    2.      Sex Trafficking in Violation of Federal Law;

    3.      Violation of the Federal Fair Labor Standards Act;

    4.      Violation of RICO 18 U.S.C. § 1962(C);

    5.      Violation of RICO 18 U.S.C. § 1962(D);

    6.      Labor Trafficking in Violation of Utah Law;

    7.      Sex Trafficking in Violation of Utah Law;

    8.      Sexual Battery and Abuse of Children;

    9.      Sexual Battery and Rape of Adults;

    10.    Negligent Sexual Battery and Abuse of a Child;

    11.    Conversion; and

    12.    Infliction of Emotional Distress. (*Id.* ¶¶ 616-714.)

Due to the Complaint's labeling Hyrum Kingston and Jacob Kingston, Sr. as a Core Conspirators, they are included in every single cause of action. While the Complaint alleges that

5

Hyrum was part of the two core conspiracies, it fails to give anything other than conclusory self-serving statements to support his inclusion in every claim. When all conclusory statements and innuendo are set aside, the facts attributable to Hyrum are extremely sparse. In terms of actual facts, all of the claims against Hyrum are predicated entirely on the alleged communication with and abuse of a single plaintiff, Grant. (*Id.* ¶¶ 620, 662.)

### Statement of Allegations Against the Defendants

To assist the Court in evaluating this Motion, the Defendants provide a summary of the specific allegations asserted against them.

A.    Hyrum Kingston

1.    In Paragraph 34, Hyrum is identified as a "an individual believed to be residing in Salt Lake County, State of Utah, and a member of the Order." (*Id.* ¶ 34.)

2.    In Paragraph 115, Hyrum is identified as the "Principal of the Order's school, Ensign Learning Center, Inc." and is alleged to have "pressure[d] and intimidate[d] children to prevent them from disclosing evidence against the Order." Additionally, the Complaint alleges that Hyrum "falsely told the children that the Order was entitled to have a witness in the room for any interviews—namely, a trusted member of the Order." (*Id.* ¶ 115.)

3.    In Paragraphs 118-123, Hyrum is identified as one of John Ortell Kingston's "seven sons" and a "Numbered Man" in the Order. The Complaint alleges that the seven sons are considered "royalty" in the Order and have authority over members of the Order.  Additionally, the Complaint alleges that there is a hierarchy among the Numbered Men and that Paul Kingston is the leader and distributes resources to the Defendants and others. (*Id.* ¶ 118-123.)

4.    In Paragraph 136, Hyrum is alleged to be an individual serving on the "Order Board." (*Id.* ¶ 136.)

5.      In Paragraphs 194 and 536, Hyrum is identified as the principal of Ensign Learning Center. (*Id.* ¶ 194, 536.)

6.      In Paragraph 200, Amanda Grant is alleged to have "suffered physical abuse at the hands of Hyrum Dalton Kingston, purportedly as a result of her failure to comply with the work dress code at Ensign Learning Center." (*Id.* ¶ 200.)

7.      In Paragraphs 239, 247, 256, 610 Hyrum is grouped in as a "core conspirator" because he is one of the "seven sons" and Paul Kingston's brother. These core conspirators are generally alleged to have unlawfully converted money, and participated in sex and labor trafficking. (*See generally* Complaint.) However, the Complaint does not give allegations about how Hyrum was involved in any of these allegations.

8.      Paragraphs 331-337 include the only specific allegations in the Complaint against the Defendants. The Division of Child and Family Services ("DCFS") is alleged to have gone to Ensign Learning Center where Amanda Grant was working. The Complaint alleges that when they arrived, Hyrum told Amanda that "legally she could have a witness in the room, to make sure she honored her father and her mother, and to make sure to protect her family." Amanda claims that as a result of Hyrum's coaching, she did not disclose her abuse from others to the DCFS "out of fear that she would suffer reprisal from Hyrum, her parents, and other members of the Order." (*Id.* ¶ 331-337.)

9.      In Paragraphs 617, 627, 638, 646, 654, 660, 668, 678, 685, 692, 700, and 708, Hyrum is grouped in to every single cause of action as a matter of course because he is one of the "Core Conspirators." Academy." Each cause of action then recites the elements of each claim without relating it to any conduct of Hyrum other than general conclusory statements grouping Hyrum in as a Core Conspirator. (*See generally* Complaint.)

10.     There are no other specific allegations against Hyrum, and no Plaintiff (other than Grant) is alleged to have had any interaction with him. (*See generally* Complaint.)

7

Statement of Facts Relevant to Hyrum's Statute of Limitations Argument

1.     Amanda Grant was born on August 31, 1995. (*Id.* ¶ 22.)

2.     Amanda Grant turned eighteen years old on August 31, 2013. (*See id.*)

3.     Amanda Grant was allegedly labor trafficked or abused while she was in the Order. (*See id.* ¶¶ 316-358.)

4.     Amanda Grant left the Order before she turned eighteen years old. (*See id.* ¶¶ 343, 351-356.)

        B.      Jacob, Sally, and Jacob Jr. Kingston

1.     In Paragraph 128, Jacob Kingston, Sr. is alleged to have managed Washakie Renewable Energy, owned a silver Lamborghini and gave a business partner a gold Bugatti. (*Id.* ¶ 128.)

2.     In Paragraph 268 and 541, Jacob Kingston, Sr. is alleged to have instructed Priscilla Tucker to falsely fill out state tax forms. (*Id.* ¶ 268 and 541.)

3.     In Paragraph 362 through 366, Jacob Kingston, Jr. is alleged to have courted Jenny Kingston for marriage. (*Id.* ¶ 362-366.)

3.     In Paragraph 365, Jacob Kingston, Sr. is alleged to have flown Jenny Kingston and his son, Jacob Kingston, Jr. on a private jet to Las Vegas. (*Id.* ¶ 365.)

4.     In Paragraph 372, Jacob Kingston, Sr., Jacob Kingston, Jr. and Sally Kingston are alleged to have attended an engagement meeting for Jenny Kingston and Jacob Kingston, Jr. (*Id.* ¶ 372.)

5.     In paragraphs 379-389, Jacob Kingston, Jr. is alleged to have abused Jenny Kingston and forced her to have sexual relations with him against her will. (*Id.* ¶ 379-389.)

5.     In Paragraph 386-387, Jacob Kingston, Sr. and Sally Kingston are alleged to have known that their son, Jacob Kingston, Jr. was abusing Jenny Kingston and actively taking steps to keep Jenny in this abusive marriage as well as conclusory alleging that they were forcing her to have sexual relations with their son. (*Id.* ¶ 386-387.)

8

6.    In Paragraph 390-393, Jacob Kingston is alleged to have paid for Jenny Kingston to see a fertility doctor, stated that she needed to get pregnant, and forced her to undergo in vitro fertilization. (*Id.* ¶ 390-393.)

7.    In Paragraph 396, Jacob Sr. and Sally Kingston are alleged to have locked Jenny Kingston up for two weeks and took her children away from her while she went through a "repentance process." (*Id.* ¶ 396.)

8.    In Paragraph 397, Jacob Kingston, Sr. is alleged to have been arrested and sent to jail, to serve a prison term of 18 years. (*Id.* ¶ 397.)

10.    In Paragraph 610, Jacob Kingston is conclusory alleged to be one of the "core conspirators," and as such is named collectively with the other core conspirators throughout the Complaint as a bad actor without regard to whether he actually has a connection to the conduct alleged nor does the Complaint allege what he actually did as a core conspirator. (*Id.* ¶ 610 and generally.)

9.    In Paragraphs 617, 627, 638, 646, 654, 660, 668, 678, 685, 692, 700, and 708, Jacob Kingston, Sr. is grouped in to every single cause of action as a matter of course because he is one of the "Core Conspirators." Each cause of action then recites the elements of each claim without relating it to any conduct of Jacob Kingston, Sr. other than general conclusory statements grouping Jacob Kingston, Sr. in as a Core Conspirator. (*See generally* Complaint.)

8.    In Paragraph 630 through 636, and then again in paragraphs 671 through 676, Jacob Kingston, Sr., Sally Kingston, and Jacob Kingston, Jr. are alleged to have sexually trafficked and sexually battered Jenny Kingston through a conclusory recitation of the elements of the sexual trafficking statutes. (*Id.* ¶ 630-636; 671-676.)

8.     In paragraph 638, Jacob Kingston, Sr., is alleged to have required the Plaintiffs to work for him and subsequently violated the FLSA between July 17, 2020 and the present.[2] (*Id.* ¶ 397.)

8.     In Paragraph 681 through 690, Jacob Kingston, Sr., Sally Kingston, and Jacob Kingston, Jr. are alleged to have sexually battered and abused Jenny Kingston through a conclusory recitation of the elements of the sexual battery statutes. (*Id.* ¶ 681-690.)

8.     In Paragraph 691 through 698, Jacob Kingston, Sr., Sally Kingston, and Jacob Kingston, Jr. are alleged to have negligently committed sexually sexual battery and abuse against Jenny Kingston through a conclusory recitation of the elements of the sexual battery and abuse statutes. (*Id.* ¶ 691-698.)

8.     In Paragraph 708 through 711, Jacob Kingston, Sr., Sally Kingston, and Jacob Kingston, Jr. are alleged to have inflicted emotional distress on Jenny Kingston through a conclusory recitation of the elements of the infliction of emotional distress statutes. (*Id.* ¶ 708-711.)

Statement of Facts Relevant to Jacob Kingston, Sr.'s, Sally Kingston's and Jacob Kingston, Jr.'s

Statute of Limitations Argument

1.     Jenny Kingston was born on May 10, 1997. (*Id.* ¶ 23.)

2.     Jenny Kingston turned eighteen years old on May 10, 2015. (*See id.*)

3.     Jenny Kingston was allegedly sexually battered while she was in the Order. (*See Complaint Generally.*)

4.     Jenny Kingston's wages allegedly stopped being deposited in her account at the DCCS in January, 2020. (*See* ¶¶ 249.)

4.     Jenny Kingston left the Order in January, 2021. (*Id.*)

---

[2] According to the Complaint, Jacob Kingston, Sr. was incarcerated during this entire time period and therefore could not have done what the Plaintiffs claim.

10

**Legal Standard**

As the Court is well aware, to satisfy Rule 12(b)(6), Plaintiffs must plead "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). While a court "must accept as true all of the allegations contained in a complaint," that tenet "is inapplicable to legal conclusions." *Id.* at 678-80 (pleadings offering only "labels and conclusions," "a formulaic recitations of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement," do not nudge claims "across the line from conceivable to plausible" (citations and internal quotation marks omitted)). Thus, "in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (same). In this respect, the remaining alleged facts must "be enough to raise a right to relief above the speculation level," *Twombly*, 550 U.S. at 545-547, and show "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678. The Complaint fails to meet that standard.

**ARGUMENT**

All claims against the Defendants should be dismissed for two reasons. First, Plaintiffs fail to state any claims against the Defendants. The Complaint is a classic example of an impermissible shotgun pleading. In the 135-page, 714-paragraph Complaint, there are no specific allegations that give rise to culpability on the part of the Defendants. In the case of Hyrum, there is essentially one incident alleged about his conduct, as well as a conclusory statement by Grant that she suffered abuse from Hyrum. Further, one of the only allegations against Defendant Sally is that she attended

11

an engagement meeting for Jenny Kingston and her son. Most of the conduct attributed to the Defendants is done by grouping them together in a list of names or business entities without explaining who did what. The Complaint collectively lumps the Defendants together with numerous other defendants, in an attempt to fabricate a list of claims against them. But that type of pleading is impermissible. Thus, all claims against the Defendants should be dismissed.

Second, even if Plaintiffs had properly pled claims against the Defendants (they have not), their claims are barred by the Statute of limitations. For example, in the case of Defendant Hyrum, ALL of the claims against him are time-barred. The only Plaintiff with any alleged interaction with Hyrum is Grant. But Grant's claims against Hyrum are time-barred because the statute of limitations has run for every claim Plaintiffs make against Hyrum. The longest statute of limitations of all of Plaintiffs' claims is for federal and state labor trafficking. The statute of limitations for both federal and state labor trafficking claims is ten years – tolled until Grant turned 18. But Grant turned 18 in 2013, more than ten years before the original Complaint in this case was filed. Thus, Grant's claims against Hyrum, even if they had been properly pled, are time-barred. Likewise, many of the claims against the remaining Defendants are time-barred as well and should be dismissed accordingly.

## I.      Plaintiffs Have Failed to State Any Claims Against the Defendants.

Initially, all claims against the Defendants should be dismissed for failure to state a claim. As the Court is aware, Rule 8 of the Federal Rules of Civil Procedure requires, among other things, a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted).

Importantly, the facts pled, not the conclusions stated, must show entitlement to relief. *Iqbal*, 556 U.S. at 678-80. Moreover, Plaintiffs cannot show entitlement to relief by alleging claims against the Defendants on a collective basis. *E.g., Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)

(when multiple defendants are involved, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations").[3] To the contrary, Plaintiffs must allege facts that demonstrate a claim specifically against the Defendants. They have failed to do so for two reasons. First, Plaintiff's Complaint is a classic example of impermissible shotgun pleading. Second, Plaintiffs fail to plausibly allege any claims against the Defendants.

A.  Plaintiffs' Complaint Constitutes Impermissible Shotgun Pleading.

Shotgun pleading is "a type of pleading that contains several counts or causes of action, each of which incorporates by reference the entirety of its predecessors." *Cantley v. Jacobson Holdings, Inc.*, No. 2:24-cv-02071-EFM-BGS, 2024 WL 2321083, at *2 (D. Kan. May 22, 2024). Although shotgun pleading may be "an attractive option for the pleader, who can simply recite an extended narrative at the beginning of the pleading and proceed to state numerous claims by simply reciting the formulaic elements of the claim and referring holistically to the preceding narrative as support," doing so "places an inordinate burden on the party responding to that pleading, and on the Court interpreting it," because the "shotgun pleader foists" onto the responding party and the Court "one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim." *Jacobs*, 2011 WL 4537007, at *6; *see also D.J. Young Pub. Co. ex rel. Young v.*

---

[3] *See also Hart v. Salois*, 605 Fed. App'x 694, 701 (10th Cir. 2015) (collective allegations against defendants combined with a failure to identify each defendant's culpable conduct violates pleading requirements and justifies dismissal); *GeometWatch Corp. v. Hall*, No. 1:14-cv-00060- JNP-PMW, 2017 WL 1136946, at *5 (D. Utah Mar. 27, 2017) (when there are "complex claims against multiple defendants," it is important that the complaint make clear who is alleged to "have done what to whom"); *Jacobs v. Credit Suisse First Boston*, No. 11-cv-00042-CMA-KLM, 2011 WL 4537007, at *2 (D. Colo. Sept. 30, 2011) (claims against one party dismissed where the complaint was "exceedingly sparse with regard to specific allegations against" the party and, apart from one specific factual allegation, "[e]very other reference . . . occurs collectively, with [the party] being listed among numerous other Defendants in largely conclusory assertions of misconduct, divorced from any specific factual allegations describing [the party's] own conduct")

*Unified Gov't of Wyandotte County/Kansas City*, No. 12-CV-2011-KHV, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (with shotgun pleading, plaintiffs "essentially coughed up an unsightly hairball of factual and legal allegations, stepped to the side, and invited the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two" (citation omitted)). Consequently, courts routinely hold that shotgun pleading is impermissible and justifies dismissal. *See Cantley*, 2024 WL 2321083, at *2 (holding that the "Tenth Circuit has made clear that 'shotgun pleadings' are impermissible," and dismissing plaintiff's complaint under Rule 12(b)(6) as being a shotgun pleading); *D.J. Young*, 2012 WL 4211669, at *3 (dismissing case for failure to state a claim based on shotgun pleading); *see also Jacobs*, 2011 WL 4537007, at *6 ("courts roundly decry shotgun pleading as a subject of 'great dismay,' 'intolerable,' and 'in a very real sense . . . [an] obstruction of justice.'"(citation omitted)).

Here, ten Plaintiffs offer a staggering 109 pages and 615 paragraphs of factual background before even trying to plead their twelve causes of action alleged variously against approximately 46 named defendants. Each of Plaintiffs' causes of action incorporates "the allegations contained in the other paragraphs" of the Complaint. (Complaint ¶¶ 616, 626, 637, 645, 653, 659, 667, 677, 684, 691, 699, 707.) And, in each cause of action, Plaintiffs offer nothing more than conclusory allegations—reciting elements of the various claims, with little effort to tie their 109 pages of background allegations to the elements of their causes of action. (Id. ¶¶ 616-714.) As a result, each defendant—and this Court—must glean the factual support for each individual Plaintiff's cause of action against each separate defendant from the preceding 615 paragraphs. *See generally Cantley*, 2024 WL 2321083, at *2 (stating that "[j]udges are not like pigs, hunting for truffles buried" in pleadings (citation omitted)). That is not a proper pleading method and, as set forth above, has been repeatedly rejected by this and other courts.

As to the Defendants specifically, Plaintiffs make no attempt to sift through their 615 paragraphs to distill their allegations into cognizable causes of action against the Defendants. Instead, Plaintiffs refer the Defendants and this Court to the facts or acts "further detailed," "previously detailed," or "described above" in the Complaint for factual support. (*E.g., id.* ¶¶ 618, 621 (federal labor trafficking); 661, 663 (state labor trafficking)). In doing so, Plaintiffs have impermissibly shifted their pleading burden to the Defendants and this Court. Consequently, Plaintiffs have failed both to meet Rule 8's pleading standard and their claims against the Defendants should be dismissed for this reason alone.

B.  Plaintiffs Have Not Pled Facts to Support Any Claims Against the Defendants.

Even if Plaintiffs had tried to tie their factual allegations to their claims (they did not), the claims against the Defendants should be dismissed because there are no factual allegations supporting any claims against them. For example, in the Complaint's 714 paragraphs, there is only one factual instance involving Defendant Hyrum. In addition, there is a conclusory statement alleged by Amanda Grant that she suffered abuse from Hyrum.  (Complaint ¶¶ 200.) Other than that, Hyrum is simply included as a matter of course in multiple claims and conclusory allegations because he is classified as a "core conspirator" by the Plaintiffs. (Id. ¶¶ 620, 662.) The Complaint does the same thing to Sally and Jacob Kingston, Sr.

None of these allegations are factual and, even accepted as true, those allegations do not state a claim against the Defendants. Plaintiffs do not allege any actions or conduct by the Defendants which is actionable. At most, in Jacob Kingston Jr.'s case, Plaintiffs have alleged (incorrectly) that Jacob physically abused Jenny Kingston. However, the allegations made by Plaintiffs are not enough to state a claim against any of the Defendants. *E.g., Twombly*, 550 U.S. at 570 (plaintiffs must allege "enough facts to state a claim that is plausible on its face"); *Jacobs*, 2011 WL 4537007, at *2 (claims against a party dismissed where, apart from one specific factual

allegation, "[e]very other reference" against the party "occurs collectively, with [the party] being listed among numerous other Defendants in largely conclusory assertions of misconduct, divorced from any specific factual allegations describing [the party's] own conduct"). Thus, the claims against the Defendants should be dismissed.

C.  Plaintiffs Have Failed to Plead Any Claims Against the Defendants.

To state claims against the Defendants, Plaintiffs must allege facts about them and their conduct specifically as to each element of each claim alleged against him. *E.g., Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007) (a complaint must allege facts "supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed"); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). And, as set forth above, claims cannot be stated in the collective. *E.g., Jacobs*, 2011 WL 4537007, at *7 (merely naming a defendant in a claim "where nothing whatsoever in the factual recitation gives any suggestion that the given Defendant actually participated in the conduct apparently underlying that claim" is an "inherently vexatious" pleading practice (citation omitted)). Plaintiffs have not come close to meeting that burden.

1.  Federal Labor Trafficking (First Cause of Action).

18 U.S.C. 1589 provides,

> (a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would

> suffer serious harm or physical restraint, shall be punished as provided in subsection (d).
>
> (b) Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means describes in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor services by any of such means, shall be punished as provided in subsection (d).

18 U.S.C. 1589(a), (b).

Similarly, 18 U.S.C. § 1590 provides that "[w]hoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1590(a). While Plaintiffs have included a cause of action labeled Federal Labor Trafficking, they have not alleged any facts to support such a claim against the Defendants.

There are no factual allegations suggesting that the Defendants engaged in any prohibited conduct. They have not alleged facts showing that the Defendants obtained any services by threat, physical restraints, or force of any kind. They have not alleged facts showing that the Defendants knowingly or recklessly received the benefits of any such service. At most, Plaintiffs have offered nothing more than conclusory statements generally referencing a group of individuals to which the Defendants belong. (*See generally* Complaint.) *See e.g., Khalik*, 671 F.3d at 1191 (conclusory statements are disregarded in evaluating complaints under Rule 12(b)(6)). Apart from that, there are no relevant allegations about the Defendant's conduct specifically. And, absent that, Plaintiffs have failed to plead any claims against the Defendants. *Robbins*, 519 F.3d at 1250 (plaintiffs must "provide fair notice of the grounds for the claims made against each of the defendants" and must distinguish "what acts are attributable to whom").

      2.   Labor Trafficking under State Law (Sixth Cause of Action).

Like the federal statute, Utah Code § 76-5-308 provides that "[a]n actor commits human trafficking for labor if the actor recruits, harbors, transports, obtains, patronizes, or solicits an individual for labor through the use of force, fraud, or coercion." Utah Code § 76-5-308(2). An actor may also be liable for trafficking as a "party to the offense if the actor benefits, receives, or exchanges anything of value from knowing participation in . . . human trafficking for labor in violation of Section 76-5-308." *Id.* § 76-5-309(2); *see also id.* § 76-5-310 (providing additional elements for aggravated human trafficking); *id.* § 78B-3-113 (providing civil right of action for victims of labor trafficking). Here, again, Plaintiffs fail to plead facts to support this claim.

In support of this claim, Plaintiffs again provide nothing more than conclusory statements that the Plaintiffs were labor trafficked by the Defendants, which should be disregarded as conclusory statements, not a factual allegation. (Complaint ¶ 662.) E.g., Khalik, 671 F.3d at 1191. Thus, for the reasons set forth above, Plaintiffs have failed to state a claim against the Defendants for labor trafficking under Utah state law.

### 3. Fair Labor Standards Act.

The FLSA requires an employer-employee relationship in order to have a right of action. *See* 29 U.S.C. § 216(b). Not a single Plaintiff has alleged that they were employed by Defendant Hyrum. Therefore, every Plaintiff's claim under the FLSA against Hyrum should be dismissed outright. As for Defendants Jacob Kingston and Sally Kingston[4], there are no allegations that allege any FLSA violations committed by Jacob or Sally. Further, there are no allegations that Jacob or Sally employed Plaintiffs in a personal capacity and therefore there was not an employer-employee relationship.

### 4. RICO

RICO provides a cause of action for those injured in business or property by reason of prohibited racketeering activities. *See* 18 U.S.C. § 1964(c); *see also Sedima, S.P.R.L. v. Imrex Co.,* 473

---

[4] The Complaint does not include Jacob Kingston, Jr. in the Third Cause of Action.

U.S. 479, 495 (1985) ("If the defendant engages in a pattern of racketeering activity in a manner forbidden by [18 U.S.C. § 1962(a)-(c)], and the racketeering activities injure the plaintiff in his business or property, the plaintiff has a claim under § 1964(c)."). A plaintiff has standing only if his injuries were proximately caused by the RICO violation. *Gillmor v. Thomas,* 490 F.3d 791, 797 n. 4 (10th Cir.2007); *see also Holmes v. Sec. Investor Protection Corp.,* 503 U.S. 258, 268, 276 (1992) (holding plaintiff lacked standing to bring RICO claims because there was no "direct relation between the injury asserted and the injurious conduct alleged").

In this case, Plaintiffs do not allege any specific action or behavior by the Defendants that would fall under the RICO statutes. Without such a direct link, the plaintiffs cannot establish proximate cause between their injuries and the Defendants' alleged racketeering activities, if there were any. The Supreme Court has emphasized the importance of a direct relationship between the injury asserted and the injurious conduct alleged to establish standing under RICO. Without clear allegations of causation between the Defendants' actions and the plaintiffs' injuries, plaintiffs do not have standing for a RICO claim against the Defendants.

5.    Other Claims

There are no allegations whatsoever connecting Defendant Hyrum to any of the sex-related causes of action, conversion, or infliction of emotional distress causes of action. (*See generally* Complaint.) Thus, Plaintiffs have failed to plead any of those claims against Hyrum. As for Jacob Kingston Sr., Sally Kingston, and Jacob Kingston, Jr., Plaintiffs do not allege enough facts to satisfy their burden under the sexual abuse claims and therefore the claims against them should be dismissed.

**II.    The Causes of Action Alleged Against the Defendants are Time-Barred.**

Finally, regardless of whether Plaintiffs have adequately plead any claims against the Defendants, Plaintiffs' claims should be dismissed because they are time-barred. With regard to Defendant Hyrum, Grant is the only Plaintiff to have alleged any contact with Hyrum.

The law is clear that a statute of limitations defense may be resolved on a Rule 12(b) motion "when the dates in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016); *Tucker v. State Farm Mut. Auto Ins. Co.*, 2002 UT 54, ¶¶ 8, 11, 53 P.3d 947 (holding that a statute of limitations defense may be raised on a Rule 12(b)(6) motion to dismiss when it "appear[s] within the complaint," as by the "inclusion of dates in the complaint indicating that the action is untimely"); *see also Pliuskaitis v. USA Swimming, Inc.*, 243 F. Supp. 3d 1217, 1228-29 (D. Utah 2017) (dismissing claim on a Rule 12(b)(6) posture where the relevant dates were alleged and the statute of limitations expired before the complaint was filed); *HKS Architects Inc. v. MSM Enters. LTD*, 2021 UT App 70, ¶¶ 20-21, 496 P.3d 228 (appellees were able to rely on statute of limitations in their Rule 12(b)(6) motion where the complaint "described events that established when the statute of limitations began to run, thus render[ing] it subject to dismissal for failure to state a claim" (citation omitted)).

The limitations periods for both federal and state labor trafficking laws is ten years from the date a minor victim turns eighteen years old. Specifically, 18 U.S.C. § 1595(c)(2), addressing a civil remedy for federal trafficking, states, "[n]o action may be maintained [for a civil action for trafficking] unless it is commenced not later than the later of . . . (2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense." (Emphasis added.) Likewise, Utah Code § 78B-3-113(3) provides, "[n]otwithstanding any other statute of limitation or repose that may be applicable to an action described in this section, a victim may only bring an action described in this section within 10 years after the later of . . . (b) the day on which the victim

reaches 18 years old."[5] (Emphasis added.) Here, the Complaint demonstrates that all of Grant's claims against Hyrum are time-barred.

The Complaint alleges the date Grant was born (August 31, 1995) and describes when the alleged events in Grant's life occurred. (*See* Complaint ¶¶ 22, 343, 351-356.) Among other things, it alleges that Grant was trafficked before she left the Order and that she left the Order before she turned eighteen. (*Id.* ¶¶ 343, 351-356.) These facts establish when the limitation periods began to run. *E.g., HKS Architects*, 2021 UT App 70, ¶¶ 20-21. Specifically, Grant was trafficked and left the Order before she turned eighteen on August 31, 2013. In addition, every allegation to support Grant's other claims happened before she left the Order. When Grant turned eighteen, any claims against Hyrum accrued and the limitations periods for those claims began to run. And the longest limitations periods for those claims expired ten years later in August 2023. *See* 18 U.S.C. § 1595(c)(2); Utah Code § 78B-3-113(3).[6] Grant did not file her original complaint in this case until February 2024, more than five months after the ten-year statute of limitations had expired. Thus, Grant's labor trafficking claims against Hyrum are time-barred and should be dismissed with prejudice.

In addition, Plaintiffs sexual battery claims are time-barred as to Jacob Kingston Sr. and Sally Kingston. U.C.A. § 78B-2-308(3)(b) establishes a four-year statute of limitations for "non-perpetrators." According to the complaint, Jacob Kingston was incarcerated since August, 2018 to the present and therefore could not have been an accomplice in any sexual battery or abuse in the last four years. Similarly, the Complaint does not allege any actions by Sally Kingston in the last four

---

[5] Additionally, statutes of limitation for claims involving minors are automatically tolled until the minor turns eighteen. Utah Code § 78B-2-108(1), (2) ("An individual may not bring a cause of action while the individual is: (a) under 18 years old," and "[d]uring the time that an individual is underage . . . , the statute of limitations for a cause of action other than for recovery of real property may not run.").

[6] The statute of limitations on every other claim made by Grant against Hyrum is shorter than the labor trafficking statute of limitations. *See* 29 U.S.C. § 255 for FLSA; Agency Holding Corp., 483 U.S. 143 (1987) for RICO; U.C.A. § 78B-2-308(3) for sexual battery; U.C.A. § 78B-2-305(2) for conversion; and U.C.A. § 78B-2-307(4) for emotional distress.

years that would be a basis for her aiding sexual battery against Jenny Kingston. Therefore, all sexual claims against Jacob Sr. and Sally Kingston should be dismissed.

## Conclusion

For the reasons discussed above, all claims alleged against the Defendants should be dismissed for failure to state a claim and as time-barred.

DATED this 21st day of August, 2024.

/s/ Ryan C. Kingston
*Ryan C. Kingston*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Motion to Dismiss to be sent via electronic filing, on August 21st, 2024, to:


**Roger H. Hoole (5089)**
**HOOLE & KING, L.C.**
**4276 S. Highland Drive**
**Salt Lake City, UT 84124**
**Telephone: (801) 272-7556**
**Facsimile: (801) 272-7557**
**rogerh@hooleking.com**

**Jaclyn J. Robertson (11951)**
**JR LAW GROUP, PLLC**
**244 West 4860 South**
**Salt Lake City, UT 84107**
**Telephone: (801) 297-8545**
**jrobertson@jrlawgroup.com**


         **/s/ Ryan C. Kingston**