THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| AMANDA RAE GRANT, et al., | MEMORANDUM DECISION AND ORDER |
| Plaintiffs, | |
| v. | Case No. 2:24-cv-00155-AMA-JCB |
| PAUL ELDEN KINGSTON, et al., | District Judge Ann Marie McIff Allen |
| Defendants. | Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C.

§ 636(b)(1)(A).[1] Before the court are Defendants' motions filed under Fed. R. Civ. P. 41(d) for

costs, including attorneys' fees, related to a previously filed state court action.[2] Defendants also

request a stay of these proceedings until Plaintiffs pay these fees. Although Defendants have filed

separate Rule 41(d) motions, each motion sets forth essentially the same arguments in favor of an

award of fees or incorporates other Defendants' arguments.[3] For this reason, the court

collectively rules on the motions. Based upon the analysis set forth below, the court denies

Defendants' motions.

---

[1] ECF No. 144.

[2] ECF No. 174, 177, 180, 210, 211, 213, 214, 218, 220.

[3] *See, e.g.*, ECF No. 177 (joining arguments in ECF No. 174 but requesting that the court not stay a ruling on Defendants Advance Vending and Family Stores True Value's pending motions to dismiss); ECF No. 210 (joining arguments in ECF No. 180); ECF No. 213 (joining arguments in ECF No. 211).

## BACKGROUND

On September 7, 2022, six of the ten Plaintiffs in the instant lawsuit—Amanda Rae

Grant, Jenny Kingston, Allison Eames, Michelle Michaels, Jana Nicole Johnson, and Julie Ruth

Nichols (Green)—filed a lawsuit in the Third District Court, State of Utah against twenty-four of

the forty-six defendants named in this case.[4] The state court complaint asserted claims for sexual

battery and abuse of a child, trafficking in violation of Utah Code Section 77-38-15, conspiracy

to commit battery and sexual abuse of a child, negligent sexual battery and abuse of a child,

infliction of emotional distress, physical battery and abuse of a child, and negligent sexual

battery and abuse.[5] The same day it was filed, Plaintiffs amended their complaint to add the

name of a defendant who was excluded in error.[6] Subsequently, Defendants filed various motions

to strike, motions to dismiss, or answers to the amended complaint.[7] Counterclaims were filed

against Plaintiffs as well as third-party claims against Plaintiffs' legal counsel, process servers,

and others.[8]

Shortly after exchanging initial disclosures, Plaintiffs moved to dismiss that action

without prejudice so they might file a federal complaint[9] and the state court granted this

request.[10] Plaintiffs revised the state court complaint to include federal claims, additional facts,

---

[4] ECF No. 227 at 2-3.

[5] *Id.*

[6] ECF No. 220-2 (Amended State Court Complaint).

[7] ECF No. 174 at 2.

[8] ECF No. 227-1.

[9] ECF No. 214 at 2; ECF No. 227 at 3.

[10] ECF No. 227-2 at 7-14.

and additional parties and filed their complaint in this court on February 28, 2024.[11] Plaintiffs

filed an Amended Complaint three months later.[12] Defendants now seek an award of costs,

including attorneys' fees, incurred in the state court action and ask the court to stay these

proceedings until Plaintiffs have made such payment.

**ANALYSIS**

I.  **The Court Denies Defendants' Rule 41(d) Motions Because Plaintiffs Provide Good Reason for Prior Dismissal and the Costs Defendants Incurred in the State Court Action are Useful in the Instant Action.**

The court denies Defendants' motions because Plaintiffs provide good reason for

dismissal of the state court action, and the time Defendants spent defending against that action is

useful to the instant litigation. Consequently, the legal fees Defendants seek are not recoverable

under Fed. R. Civ. P. 41(d).

Rule 41(d) of the Federal Rules of Civil Procedure states:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>> (2) may stay the proceedings until the plaintiff has complied.

The decision whether to impose costs and attorneys' fees under Rule 41(d) is within the

court's discretion.[13] "The purpose of the rule is to prevent the maintenance of vexatious lawsuits

and to secure, where such suits are shown to have been brought repetitively, payment of costs for

---

[11] ECF No. 1.

[12] ECF No. 141.

[13] *Meredith v. Stovall*, No. 99-3350, 2000 WL 807355, at *1 (10th Cir. 2000); *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2008 WL 906110, at *16 (D. Colo. Mar. 31, 2008).

prior instances of such vexatious conduct."[14] No showing of bad faith is required before costs

may be imposed on a plaintiff under Rule 41(d), but the plaintiff's motive in dismissing the prior

action may be considered.[15] There is a split of authority as to whether Rule 41(d) authorizes

attorneys' fees as part of an award of "costs," but the majority of courts find that attorneys' fees

are available under Rule 41(d).[16] However, "the court should not impose any costs associated

with work that will still be useful to the defendants in the instant litigation."[17] Thus, to establish

an entitlement to costs under Rule 41(d), Defendants must demonstrate: (1) Plaintiffs dismissed a

prior lawsuit, (2) Plaintiffs commenced a second suit based upon or including the same claim(s)

against Defendants, and (3) Defendants incurred costs and attorneys' fees in the previous action

that are not useful in the second lawsuit.[18]

Defendants neither dispute that Plaintiffs voluntarily dismissed the state court complaint

nor that the federal complaint is based upon and includes the same claims as those filed in state

court.[19] However, Defendants appear to raise two arguments as to why they are entitled to fees

under Rule 41(d): (A) Plaintiffs' dismissal and refiling of the case was motivated by bad faith;

and (B) the costs, including attorneys' fees, incurred in defending against the state claims will not

---

[14] *Meredith*, 2000 WL 807355, at *1.

[15] *Wason Ranch*, 2008 WL 906110, at *17.

[16] *Id.* (citing *Duffy v. Ford Motor Co.*, 218 F.3d 623, 632 (6th Cir. 2000)).

[17] *Oteng v. Golden Star Resources, Ltd.*, 615 F. Supp. 2d. 1228, 1240 (D. Colo May 8, 2009) (citing *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996)).

[18] *See Lyons v. Dish Network L.L.C.*, No. 13-cv-00192-RM-KMT, 2013 WL 5637992, at *1 (D. Colo. Oct. 15, 2013).

[19] *See, e.g.*, ECF No. 174 at 2; ECF No. 180 at 3; ECF No. 211 at 2, 4; ECF No. 214 at 1-2; ECF No. 218 at 2, 4.

be useful in the federal case. As demonstrated below, both arguments fail. Therefore, the court

denies Defendants' motions for costs related to the state court action.

    A.  <u>Plaintiffs Provide Good Reason for the Prior Dismissal.</u>

Plaintiffs' motive for dismissing the state court action and refiling in federal court was

stated on the record in state court,[20] and the court finds no evidence of bad faith. After further

investigation into the facts of the state court case, Plaintiffs uncovered information suggesting a

basis to include federal claims in their action.[21] Additionally, Plaintiffs believed that the

counterclaims and third-party claims brought against Plaintiffs' counsel and others, including

process servers, should be litigated separately from the merits of the underlying case to prevent

confusing a jury or creating a risk that Plaintiffs' counsel would be disqualified.[22] Therefore,

Plaintiffs provide good reason for the prior action's dismissal.

Defendants make unfounded conclusions that Plaintiffs used the state case to improve

their federal complaint, asserting that Plaintiffs may have initially filed the state case with less

preparation or weaker arguments,[23] representing a pattern of vexatious litigation and

maneuvering that unfairly burdened Defendant with legal fees.[24] However, the dismissal and

refiling of a single case after the exchange of initial discovery cannot be considered a "pattern"

of "using the legal system as a tool for harassment or to gain an advantage through multiple

---

[20] ECF No. 227 at 3.

[21] *Id.*

[22] *Id.*

[23] *See, e.g.,* ECF No. 174 at 3; ECF No. 180 at 4; ECF No. 218 at 3.

[24] *See, e.g.,* ECF No. 174 at 4; ECF No. 220 at 5.

avenues,"[25] particularly where the reason for dismissal was the choice after further investigation

to bring federal claims rather than seeking leave to file an amended state court complaint.

Defendants have not demonstrated that either suit was filed vexatiously. Moreover, Defendants

cannot effectively argue that Plaintiffs used the state court complaint to "strengthen" their federal

case while also arguing that Defendants derived no benefit from any familiarity with the facts

and claims in the state court case. Defendants cannot have it both ways. As discussed below,

Defendants have not demonstrated that the time spent defending against the state court action is

not useful in the instant litigation.

     B.  <u>Defendants Seek Costs Associated With Work That Will Still Be Useful to Defendants in the Instant Litigation.</u>

The court exercises its discretion and declines to assess costs against Plaintiffs because

Defendants seek attorneys' fees associated with work related to the state court action that will

still be useful to Defendants in the instant litigation. As mentioned previously, Defendants

concede that Plaintiffs' federal complaint is based on the same factual allegations and mostly the

same claims as the state court complaint.[26] Even so, Defendants repeatedly argue they are unable

to use the work product from the state court action due to the additional facts, parties, and federal

claims in Plaintiffs' federal complaint.[27] However, the need for Defendants to defend against new

federal claims is irrelevant. The relevant inquiry under Rule 41(d) is not the amount of new

material in the second complaint, or whether any work in the second case will be duplicative, it

---

[25] *See, e.g.*, ECF No. 180 at 4; ECF No. 214 at 1, 7.

[26] ECF No. 174 at 2; ECF No. 180 at 3; ECF No. 211 at 2, 4; ECF No. 214 at 1-2; ECF No. 218 at 2, 4.

[27] ECF No. 211 at 4, 9; ECF No. 213 at 2; ECF No. 214 at 2; ECF No. 214-1; ECF No. 218 at 3; ECF No. 220 at 2.

is whether prior work related to the state law claims is *useful* to the instant action. The court

concludes that it is.

For example, although Defendants were required to draft new responsive pleadings in

federal court given the addition of federal claims, the time reviewing and researching Plaintiffs'

state court claims and preparing their defenses thereto is useful to presenting defenses against the

identical state law claims now present in the federal complaint. Similarly, time spent reviewing

Plaintiffs' initial disclosures in state court is useful to the underlying action as these materials

almost certainly overlap with discovery in the instant case.[28] The fact that the parties will

exchange additional discovery in federal court does not render the prior exchange unusable to

Defendants' understanding of the relevant evidence in this case. Additionally, counsels' prior

meetings with clients and witnesses to discuss the state court claims are useful to this action,

regardless of Defendants' need to hold future meetings related to the federal claims. Therefore,

none of these fees can be recouped under Rule 41(d).[29]

---

[28] Plaintiffs' initial disclosures included a 94-page document with attachments exceeding 13,000 pages and over 45 hours of recordings. ECF No. 214 at 2.

[29] With the exception of Defendants David Ortell Kingston, Jason Ortell Kingston, Jolene Andrews, Jesse Orvil Kingston, and Michelle Afton Michaels, ECF No. 211; ECF No. 214, Defendants have not produced satisfactory evidence to demonstrate which costs incurred in the state court action are not useful, although they request a court order to file such evidence. However, even if the court ordered all Defendants to produce billing records and affidavits in support of their motions, the categories of work the court has outlined here, also discussed in ECF Nos. 211 and 214, encapsulate the work performed by all Defendants in the state action and the court concludes this work is all useful to defending against the federal action. Therefore, the court declines to award any costs associated with the state court action.

**CONCLUSION AND ORDER**

Based on the forgoing analysis, it is HEREBY ORDERED that Defendants' motions for costs under Rule 41(d)[30] are DENIED.

IT IS SO ORDERED.

DATED this 17th day of December 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[30] ECF No. 174, 177, 180, 210, 211, 213, 214, 218, 220.

8