# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMANDA RAE GRANT, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PAUL ELDEN KINGSTON, et al.<br><br>　　　　Defendants. | **ORDER DIRECTING PLAINTIFFS TO FILE A SECOND AMENDED COMPLAINT AND DENYING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 2:24-cv-00155<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

This matter comes before the Court on a bevy of motions to dismiss Plaintiffs' first amended complaint. Upon review of the parties' submissions, the Court concludes that the most appropriate course of action is to order Plaintiffs to file a second amended complaint and, consequently, deny the motions to dismiss and all related motions as moot.

## BACKGROUND

Plaintiffs here are ten women[1] who formerly belonged to a religious organization that they refer to as "the Order."[2] Defendants[3] are alleged leaders and members of the Order and

---

[1] Plaintiffs are Amanda Rae Grant, Jenny Kingston, Jana Nicole Johnson, Julie Ruth Green, Michelle Ruth Michaels, Allison Eames, Priscilla Tucker, Brenda Collins, Katie "Alex" Martin, and Mary Ann Robinson.

[2] ECF No. 141 at 1–2.

[3] Defendants are Paul Elden Kingston, John Daniel Kingston, Sr., Hyrum Dalton Kingston, David Ortell Kingston, Jesse Orvil Kingston, Jason Ortell Kingston, Rachel Orlean Kingston Young, John Paul Johnson, Jacob Daniel Kingston, Jr., Jacob Ortell Kingston, Sr., Sally Kingston, John Daniel Kingston, Jr., Daniel Charles Kingston, Patricia Kingston, Paul Elden Kingston, Jr., Michelle Afton Michaels, Deborah Williams, Jolene Andrews, April McKay, Valarie Martin, Kent William Johnson, Davis County Cooperative Society, Inc., dba Redwood Grocery & Health Foods and John's Market Place, Latter Day Church of Christ, dba ZMPC and LDCC, A-1 Disposal, Management Business Systems, Inc., Advanced Copy, Ensign Learning Center, Inc., Vanguard Academy, Advance Vending, The Food Group, LLC, United Fuel Supply, Coal Trucking Company, Washakie Ranch, Order Bank, aka the "Office," aka the "Century Office," Family Stores True

organizations related to it.[4] The allegations presented are serious. Plaintiffs' first amended complaint (the "Complaint") lists several causes of action, such as labor trafficking and sex trafficking, and alleges that Plaintiffs, as children and young adults, were physically and sexually abused, compelled to labor for substandard wages, and forced into unwanted (and often incestuous) marriages for the sake of producing additional child laborers through their offspring.[5]

Several Defendants (the "Moving Defendants")[6] ask the Court to dismiss the Complaint on various grounds, with many contending that the Complaint is a shotgun pleading that does not give the Moving Defendants proper notice of the claims against them.[7] Plaintiffs oppose all but two of

---

Value, Standard Restaurant Supply, AAA Communications, Washakie Renewable Energy, LLC, Fidelity Lending, Property Compliance, aka Arrow Real Estate, Attco Trucking, aka CTC Trucking, American Digital Systems, Garco Industrial Park, aka Garco Property Management, American Wellness & Rehab Clinic, A-Action Express, Mitchell & Associates, A-Fab Engineering, and Sierra Wholesale. The operative complaint also refers to 50 unnamed individual Defendants and 450 unnamed corporate Defendants. Since the operative complaint was filed, The Food Group, LLC, and Vanguard Academy have been dismissed from the action. *See* ECF No. 223; ECF No. 268 at 1.

[4] *See* ECF No. 141 at 2, 10–17.

[5] *See id.* at 4–8, 109, 113.

[6] The Moving Defendants are as follows: Family Stores True Value (ECF No. 142); Advance Vending (ECF No. 160); Vanguard Academy (ECF No. 169); Management Business Systems, Inc. (ECF No. 173); Standard Restaurant Supply (ECF No. 178); April McKay (ECF No. 179); Sierra Wholesale (ECF No. 181); A-1 Disposal, A-Fab Engineering, American Wellness & Rehab Clinic, John Daniel Kingston, Jr., and Valarie Martin (ECF No. 182); Daniel Charles Kingston (ECF No. 184); Jolene Andrews and Michelle Afton Michaels (ECF No. 191); Deborah Williams (ECF No. 192); Paul Elden Kingston, Patricia Kingston Davis County Cooperative Society, Inc., dba Redwood Grocery & Health Foods and John's Market Place, and Latter Day Church of Christ, dba ZMPC and LDCC (ECF No. 193); AAA Communications (ECF No. 195); American Digital Systems (ECF No. 196); Advanced Copy (ECF No. 197); Washakie Ranch (ECF No. 198); Rachel Orlean Kingston Young (ECF No. 199); Fidelity Lending (ECF No. 200); Jesse Orvill Kingston (ECF No. 201); Kent William Johnson (ECF No. 202); Hyrum Dalton Kingston, Sally Kingston, Jacob Daniel Kingston, Jr., and Jacob Ortell Kingston, Sr. (ECF No. 203); David Ortell Kingston and Jason Ortell Kingston (ECF No. 205); Property Compliance, aka Arrow Real Estate (ECF No. 206); Attco Trucking, aka CTC Trucking (ECF No. 207); Ensign Learning Center (ECF No. 208); Garco Industrial Park, aka Garco Property Management (ECF No. 209); Mitchell & Associates (ECF No. 215); John Daniel Kingston, Sr. (ECF No. 216); and John Paul Johnson (ECF No. 219).

[7] *See, e.g.*, ECF No. 173 at 8.

2

the motions.[8] Notably, in opposing several of the motions, Plaintiffs stated that they neglected to name Rachel Ann Kingston as a Defendant and accordingly indicated that they "will request an opportunity to amend their pleading."[9]

**<u>DISCUSSION</u>**

For a lawyer filing a complaint in federal court, the assignment is straightforward, at least in theory—provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To accomplish this task, counsel simply needs to state factual allegations that, when assumed to be true, are sufficient "to state a claim for relief that is plausible on its face" and give the defendant adequate notice of the asserted claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

On occasion, however, pleaders fall into one of several traps that result in a complaint that falls below this standard. For example, in an action with multiple defendants, a complaint may lack sufficient clarity where the pleader relies on collective allegations that fail "to identify each individual defendant's culpable action." *Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015) (unpublished). Similarly, a court is justified in dismissing a complaint when the pleader's submission requires the court to comb through the allegations and then "attempt to match the factual assertions with the elements of" the applicable cause of action. *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371–72 (1989).

But pleading errors like these are not necessarily fatal. Indeed, the Federal Rules of Civil Procedure direct courts to "freely give leave [to amend a pleading] when justice so requires." Fed.

---

[8] As previously indicated, Plaintiffs have voluntarily dismissed Vanguard Academy, ECF No. 268 at 1, and in opposing several of the motions to dismiss, Plaintiffs agreed to release their claims against Management Business Systems, Inc., ECF No. 237 at 6–7.

[9] ECF No. 237 at 45 n.13.

R. Civ. P. 15(a)(2). Leave to amend is especially appropriate when "an opportunity to cure technical errors . . . would yield a meritorious claim," *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001), and a court may grant leave in such a case even without a formal motion from one of the parties, *see Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1130 (10th Cir. 1994) (holding that the district court should have granted plaintiff leave to amend her complaint even though she did not "file a formal motion" because she "possessed particular grounds for amending her complaint and proceeded under a legitimate understanding with the other parties and the court that she should wait until a designated time to exercise her right to amend").

Here, the Court will highlight two primary issues with Plaintiffs' Complaint.[10] First, while collective allegations are not inherently problematic, *Bledsoe v. Carreno*, 53 F.4th 589, 608 (10th Cir. 2022), Plaintiffs use them in a way that makes the Complaint difficult to follow at times. For example, in their second cause of action, Plaintiffs list the Order among the alleged offenders, but it is unclear which Defendants this term encompasses, as the Complaint defines the Order as the Davis County Cooperative Society in some places and *all* Defendants in another.[11] Second, some causes of action in the Complaint can only be understood if the reader scours the rest of the Complaint for the supporting allegations, which can be quite difficult in a case like this one where there are numerous collective allegations and the Complaint spans 135 pages and 714 paragraphs.[12]

---

[10] In passing, the Court will also note that the Complaint makes several allegations against Lallana Huntington, who is not listed as a Defendant. *See, e.g.*, ECF No. 141 at 111. Likewise, the Complaint lists two separate entities—Attco Trucking Company, Inc. and Coal Trucking Company—that are both identified as CTC Trucking. *See id.* at 15–16. The Court expects Plaintiffs to clear up these discrepancies in their second amended complaint. The Court stresses, however, that its summary of the deficiencies in the Complaint is not intended to be exhaustive. In crafting their second amended complaint, Plaintiffs should work diligently to correct any lingering errors and omissions, regardless of whether the Court has pointed them out specifically.

[11] *See* ECF No. 141 at 17–18.

[12] *Id.* at 134–35.

For instance, in the fourth cause of action, Plaintiffs allege that "various Order Businesses," along with others, committed violations of the Racketeer Influenced and Corrupt Organizations Act, but in order to understand which entities are implicated, one must review other portions of the Complaint and divine which allegations against which businesses correspond to this cause of action.[13] Thus, the Complaint fails, at times, to provide fair notice of the claims asserted. *See Hart*, 605 F. App'x at 701*; Glenn*, 868 F.2d at 371–72.

Even so, Plaintiffs have brought forth alarming allegations, and a more carefully drafted pleading could potentially support the asserted causes of action. In addition, Plaintiffs have already acknowledged that the Complaint is somewhat imprecise, and while they have not filed a formal motion, they have suggested that they wish to file a second amended complaint. Considering these circumstances, the Court concludes, *sua sponte*, that Plaintiffs should be given the opportunity to file a second amended complaint. *See* Fed. R. Civ. P. 15(a)(2); *Curley*, 246 F.3d at 1284; *Brever*, 40 F.3d at 1130.

While the motions to dismiss will now be rendered moot, the Court emphasizes that nothing in this order precludes any Moving Defendant from reusing any relevant arguments from those motions in responding to the second amended complaint.

## CONCLUSION & ORDER

In conclusion, the Court, acting *sua sponte*, ORDERS Plaintiffs to file a second amended complaint and DENIES AS MOOT the motions to dismiss and all related motions filed by the Moving Defendants (ECF Nos. 142, 160, 169, 173, 178, 179, 181, 182, 184, 191, 192, 193, 195,

---

[13] *See id.* at 117–18.

196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 215, 216, and 219).[14]

Plaintiffs are directed to file their second amended complaint within 21 days of this order.

DATED this 21st day of January 2025.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge

---

[14] As the Court previously indicated, Plaintiffs do not oppose the motion to dismiss filed by Management Business Systems, Inc. So, while this motion is denied as moot, the Court expects that Plaintiffs will omit Management Business Systems, Inc., as well as any other dismissed parties, from the list of Defendants when they file their second amended complaint.