Ryan C. Kingston (U.S.B. No. 14000)
ryankingston32@gmail.com
3212 S. State Street
Salt Lake City, Utah 84115
Telephone: (801) 915-9035
*Attorney for Movants*

| | |
|---|---|
| **IN THE UNITED STATES DISTRICT COURT**<br>**DISTRICT OF UTAH, CENTRAL DIVISION** | |
| AMANDA RAE GRANT, et al.,<br>Plaintiffs,<br><br>vs.<br><br>PAUL ELDEN KINGSTON, et al.,<br>Defendants. | **MOTION TO DISMISS**<br>**(Statute of Limitations)**<br>**Case No. 2:24-cv-00155-JCB**<br><br>Judge: Hon. Ann Marie McIff Allen<br>Magistrate Judge: Hon. Jared C. Bennett |

Defendants Standard Restaurant Supply, Sierra Wholesale, World Enterprises, World Enterprises II, Hyrum Dalton Kingston, April McKay, Jacob Ortell Kingston, Sr., Jacob Daniel Kingston, Jr., and Sally Kingston (collectively, "Moving Defendants"), by and through their undersigned counsel, respectfully move to dismiss the claims against them in Plaintiffs' Second Amended Complaint ("SAC," ECF No. 303) pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the claims are barred by the applicable statutes of limitations. This motion is filed in accordance with the Court's order directing phased motions to dismiss, with the first phase limited to statute of limitations arguments. The Moving Defendants vehemently deny the plaintiffs' allegations of misconduct, which they view as baseless and inflammatory. However, acknowledging the legal standard for a Rule 12(b)(6) motion, this motion assumes the truth of the SAC's factual allegations solely for the purpose of demonstrating that the claims are untimely. For the reasons set forth below, the Court should dismiss all claims against the Moving Defendants with prejudice,

1

except where specifically noted as timely, as the plaintiffs' delay in filing renders their claims legally

deficient.

## Table of Contents

| Section | Title | Page |
|---|---|---|
| I | Introduction | 4 |
| II | Legal Standard | 5 |
| III | Argument | 5 |
| III.A | Standard Restaurant Supply | 6 |
| III.B | Sierra Wholesale | 9 |
| III.C | World Enterprises | 11 |
| III.D | World Enterprises II | 11 |
| III.E | Hyrum Dalton Kingston | 12 |
| III.F | April McKay | 13 |
| III.G | Jacob Ortell Kingston, Sr. | 13 |
| III.H | Jacob Daniel Kingston, Jr. | 14 |
| III.I | Sally Kingston | 15 |
| III.J | No Tolling or Equitable Exceptions Apply | 16 |
| IV | Conclusion and Relief Sought | 18 |
| V | Certificate of Service | 20 |
| VI | Exhibit A: Statute of Limitations Summary | 21 |

## Table of Authorities

| Cases | |
|---|---|
| Authority | Page(s) |
| Aldrich v. McCulloch Props., Inc., 627 F.2d 1036 (10th Cir. 1980) | 5 |
| Alta Indus. Ltd. v. Hurst, 846 P.2d 1282 (Utah 1993) | 8 |
| Ashcroft v. Iqbal, 556 U.S. 662 (2009) | 4, 5 |
| Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) | 5 |
| Berenda v. Langford, 914 P.2d 45 (Utah 1996) | 16 |
| Brereton v. Bountiful City Corp., 434 F.3d 1213 (10th Cir. 2006) | 18 |
| Colosimo v. Roman Catholic Bishop, 2007 UT 25, 156 P.3d 806 | 16 |
| CTS Corp. v. Waldburger, 573 U.S. 1 (2014) | 18 |
| Ditullio v. Boehm, 662 F.3d 1091 (9th Cir. 2011) | 17 |

| Authority | Page(s) |
|---|---|
| Halferty v. Pulse Drug Co., 821 F.2d 261 (5th Cir. 1987) | 7 |
| Hogan v. Pilgrim's Pride Corp., 73 F.4th 1150 (10th Cir. 2023) | 18 |
| Jensen v. Young, 2010 UT 67, 245 P.3d 731 | 16 |
| Jones v. Bock, 549 U.S. 199 (2007) | 5 |
| McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988) | 7 |
| Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250 (2016) | 17 |
| Norman v. Arnold, 2002 UT 81, 57 P.3d 997 | 9, 10, 11, 12, 13, 14, 15, 16 |
| Rotkiske v. Klemm, 589 U.S. 8 (2019) | 7 |
| Russell Packard Dev., Inc. v. Carson, 2005 UT 14, 108 P.3d 741 | 16 |
| Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007) | 5 |
| United States v. Kwai Fun Wong, 575 U.S. 402 (2015) | 5, 16 |
| United States v. Sabhnani, 599 F.3d 215 (2d Cir. 2010) | 8 |
| Willis v. DeWitt, 2015 UT App 123, 350 P.3d 250 | 17 |
| Young v. Young, 1999 UT 38, 979 P.2d 338 | 5 |

**Statutes**

| Authority | Page(s) |
|---|---|
| 18 U.S.C. § 1584 | 4, 6, 8, 12, 13, 14, 15, 22 |
| 18 U.S.C. §§ 1589, 1590, 1595 | 4, 6, 7, 8, 10, 12, 13, 14, 15, 22 |
| 18 U.S.C. § 1591 | 4, 14, 15, 22 |
| 29 U.S.C. §§ 206, 216 | 4, 6, 7, 8, 12, 14, 15, 22 |
| 29 U.S.C. § 255 | 7, 8, 12, 14, 15 |
| Utah Code Ann. § 78B-2-108(2) | 5, 8, 10, 11, 12, 13, 14, 15, 16, 22 |
| Utah Code Ann. § 78B-2-307(3) | 4, 8, 10, 11, 12, 13, 14, 15, 22 |
| Utah Code Ann. § 78B-2-308 | 4, 14, 15, 16, 22 |
| Utah Code Ann. § 78B-2-308(3)(a) | 14 |
| Utah Code Ann. § 78B-2-308(3)(b) | 14, 15, 16 |

**Other**

| Authority | Page(s) |
|---|---|
| Federal Rule of Civil Procedure 12(b)(6) | 1, 5, 2006 |
| Second Amended Complaint (SAC), ECF No. 303 | 1, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 |
| Exhibit A | 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 20 |

**INTRODUCTION**

Plaintiffs, ten women who claim to be former members of a religious organization they refer to as "the Order," assert nine causes of action against the Moving Defendants and others, alleging a range of egregious misconduct. These claims include federal causes of action for labor trafficking under 18 U.S.C. §§ 1589, 1590, and 1595, sex trafficking under 18 U.S.C. § 1591, violations of the Fair Labor Standards Act (FLSA) under 29 U.S.C. §§ 206 and 216, and involuntary servitude under 18 U.S.C. § 1584, as well as state law claims for civil conspiracy, sexual battery and abuse of children under Utah Code Ann. § 78B-2-308, sexual battery and rape of adults under Utah Code Ann. § 78B-2-307(3), negligent sexual battery and abuse of a child under Utah Code Ann. § 78B-2-308, and punitive damages. See SAC, ECF No. 303; see also Exhibit A. The SAC is still a convoluted mess. However, the accompanying claim summary attached as Exhibit A, prepared by counsel, provides an attempted detailed breakdown of the claims against each defendant, the plaintiffs asserting those claims, and the applicable statutes of limitations or repose, with time-barred claims clearly marked in red. Ex. A at 1–16.

The Moving Defendants categorically reject the plaintiffs' allegations as unfounded and assert that the claims are not only meritless but also untimely. The initial pleading in this case was filed on February 28, 2024, long after the expiration of the limitations periods for most claims, as evidenced by the cutoff dates in the claim summary. Ex. A at 1. While the Court must accept the SAC's factual allegations as true for purposes of this motion, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Moving Defendants' denial of any wrongdoing underscores their position that the plaintiffs' delay in bringing these claims reflects not only a failure to act within the time prescribed by law but also the speculative nature of the allegations. This motion demonstrates that claims against each Moving Defendant are barred by the relevant statutes of limitations, as calculated from the plaintiffs' dates of birth and the filing date, and that no tolling or equitable exceptions apply to

4

revive these stale claims. This motion provides a clear and comprehensive analysis of why the plaintiffs' claims, even if assumed true, cannot proceed due to their untimeliness.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint, requiring the plaintiff to allege sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is subject to dismissal if it is barred by the applicable statute of limitations, and the bar is apparent on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

In evaluating a statute of limitations defense at the Rule 12(b)(6) stage, the Court accepts the complaint's factual allegations as true but is not obligated to accept legal conclusions or unwarranted inferences. *Iqbal*, 556 U.S. at 678. A claim is properly dismissed where the allegations demonstrate that the claim was filed after the expiration of the applicable limitations period and no tolling or equitable exceptions apply. *United States v. Kwai Fun Wong*, 575 U.S. 402, 408–09 (2015). For federal claims, the Court applies federal law to determine the limitations period and any tolling provisions. *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 105 (2013). For state law claims, Utah law governs, including its rules on tolling and the discovery rule. *Young v. Young*, 1999 UT 38, ¶ 10, 979 P.2d 338. The Moving Defendants, while strenuously denying the plaintiffs' allegations, rely on the SAC and claim summary to show that the claims are time-barred, rendering any dispute over the truth of the allegations moot for purposes of this motion.

## ARGUMENT

The SAC asserts nine causes of action against the Moving Defendants, each governed by specific statutes of limitations or repose as established by federal and Utah law. The initial pleading was filed on February 28, 2024, and the plaintiffs' dates of birth, as alleged in the SAC, provide the

basis for calculating when each claim accrued or expired, particularly for claims tolled during minority. The claim summary (Ex. A) serves as a reference, listing the claims and noting time-barred claims in red. The following sections address each Moving Defendant individually, analyzing all claims asserted against that defendant to demonstrate that they are barred by the relevant statutes of limitations, except where noted as timely. The Moving Defendants' vehement denial of the plaintiffs' allegations—viewed as an attempt to impugn lawful businesses and individuals—further underscores the impropriety of allowing these untimely claims to proceed.

### I. Standard Restaurant Supply

Standard Restaurant Supply, a for-profit business allegedly affiliated with the Order, is accused by plaintiffs Jenny Kingston, Jana Nicole Johnson, and Priscilla Tucker of labor trafficking (First Cause of Action), Fair Labor Standards Act (FLSA) violations (Third Cause of Action), and involuntary servitude (Fourth Cause of Action). SAC ¶¶ 505, 506, 510, 541, 543, 554, 555, 559. Additionally, all ten plaintiffs assert civil conspiracy (Fifth Cause of Action) and punitive damages (Ninth Cause of Action) claims against all defendants, including Standard Restaurant Supply. SAC ¶¶ 572, 622. Standard Restaurant Supply denies these allegations, asserting that it operates as a legitimate business with no involvement in the misconduct alleged. Even accepting the SAC's allegations as true, the FLSA and most civil conspiracy claims are time-barred under governing law, reflecting the plaintiffs' failure to timely pursue their claims.

The First Cause of Action alleges labor trafficking under 18 U.S.C. §§ 1589, 1590, and 1595, which provides a ten-year statute of limitations from when the cause of action arose or ten years after the victim reaches 18 years of age if the offense occurred during minority, whichever is later. 18 U.S.C. § 1595(c); *see also Rotkiske v. Klemm*, 589 U.S. 8, 13 (2019) (discussing federal limitations periods). Jenny Kingston, born May 10, 1997 (SAC 5), turned 18 on May 10, 2015. Assuming the alleged trafficking occurred during her minority, her claim against Standard Restaurant Supply (SAC

6

504) would expire on May 10, 2025, ten years after reaching 18. The claim summary confirms this cutoff date. Ex. A at 1. Filed on February 28, 2024, her claim is timely. Jana Nicole Johnson, born January 9, 2003 (SAC   6), turned 18 on January 9, 2021, with her claim (SAC   506) expiring on January 9, 2031. Ex. A at 1. Her claim is timely. Priscilla Tucker, born April 18, 1997 (SAC   10), turned 18 on April 18, 2015, with her claim (SAC   510) expiring on April 18, 2025. Ex. A at 1. Her claim is timely. These labor trafficking claims are within the ten-year limitations period, though Standard Restaurant Supply denies any trafficking and will contest these allegations if they proceed.

The Third Cause of Action alleges FLSA violations under 29 U.S.C. §§ 206 and 216, with a statute of limitations of two years after the cause of action accrues, or three years for willful violations. 29 U.S.C. § 255(a); *see McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988) (defining willfulness under FLSA). Assuming willfulness for the longer three-year period, the limitations period begins when the unpaid wages were due. *See Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir. 1987). Jenny Kingston alleges she was not paid minimum wages for work at Standard Restaurant Supply as a minor (SAC ¶¶ 271, 276, 541). For her claim to be timely, the violation must have accrued after February 28, 2021, three years before the filing date. The absence of allegations of post-2021 work suggests her claim accrued by 2015 (when she became an adult), expiring by 2018. The claim summary marks this claim as time-barred, consistent with a 2018 expiration. Ex. A at 1. Standard Restaurant Supply denies any wage violations and argues that Jenny's six-year delay bars her claim. Jana Nicole Johnson's FLSA claim (SAC   543) similarly relies on work as a minor, likely before her 18th birthday on January 9, 2021. SAC ¶¶ 322–26. Her claim would have expired by January 9, 2024, three years after turning 18. Ex. A at 1. Filed on February 28, 2024, her claim is approximately seven weeks late and time-barred. Standard Restaurant Supply denies her allegations and notes her delay underscores the claim's weakness. Both FLSA claims are barred under 29 U.S.C. § 255(a) and should be dismissed.

The Fourth Cause of Action alleges involuntary servitude under 18 U.S.C. § 1584, governed by the same ten-year statute of limitations as labor trafficking. 18 U.S.C. § 1595(c); *see United States v. Sabhnani*, 599 F.3d 215, 243 (2d Cir. 2010) (applying § 1595 to servitude claims). Jenny Kingston's claim (SAC 554), Jana Nicole Johnson's claim (SAC 555), and Priscilla Tucker's claim (SAC 559) are timely, expiring on May 10, 2025, January 9, 2031, and April 18, 2025, respectively, based on their 18th birthdays. Ex. A at 1. Standard Restaurant Supply denies any forced labor but acknowledges these claims' timeliness for this motion.

The Fifth Cause of Action alleges civil conspiracy under Utah law, subject to a four-year statute of limitations. Utah Code Ann. § 78B-2-307(3); *see Alta Indus. Ltd. v. Hurst*, 846 P.2d 1282, 1290 (Utah 1993) (applying four-year period to conspiracy). For minors, Utah law tolls the limitations period until age 18. Utah Code Ann. § 78B-2-108(2). All ten plaintiffs assert this claim against all defendants, including Standard Restaurant Supply. SAC 572. Amanda Rae Grant, born August 31, 1995 (SAC 4), turned 18 on August 31, 2013, with her claim expiring on August 31, 2017. Ex. A at 1. Filed in 2024, her claim is time-barred. Mary Ann Robinson, born November 13, 1992 (SAC 13), turned 18 on November 13, 2010, with her claim expiring on November 13, 2014. Ex. A at 1. Her claim is time-barred. Jenny Kingston's claim expired on May 10, 2019. Ex. A at 1. Priscilla Tucker's claim expired on April 18, 2019. Ex. A at 1. Julie Ruth Green, born December 6, 1998 (SAC 7), had her claim expire on December 6, 2020. Ex. A at 1. Michelle Ruth Michaels, born May 2, 2000 (SAC 8), had her claim expire on May 2, 2022. Ex. A at 1. Allison Eames, born November 6, 1999 (SAC 9), had her claim expire on November 6, 2021. Ex. A at 1. Brenda Collins, born March 23, 2001 (SAC 11), had her claim expire on March 23, 2023. Ex. A at 1. Alex Martin, born January 23, 2002 (SAC 12), had her claim expire on January 23, 2024. Ex. A at 1. These claims are time-barred under Utah Code Ann. § 78B-2-307(3). Only Jana Nicole Johnson's

8

claim, expiring on January 9, 2025, is timely. Ex. A at 1. Standard Restaurant Supply denies any conspiracy and argues that delays of up to a decade justify dismissal.

The Ninth Cause of Action seeks punitive damages, which is not a standalone claim but depends on underlying claims. *Norman v. Arnold*, 2002 UT 81, 36, 57 P.3d 997. Because the FLSA claims by Jenny Kingston and Jana Nicole Johnson, and the civil conspiracy claims by nine plaintiffs, are time-barred, their punitive damages claims are also barred. Jana Nicole Johnson's punitive damages claim is timely only to the extent her labor trafficking, involuntary servitude, and conspiracy claims are timely. Standard Restaurant Supply denies any conduct warranting punitive damages.

The Court should dismiss Jenny Kingston's and Jana Nicole Johnson's FLSA claims (Third Cause of Action), the civil conspiracy claims (Fifth Cause of Action) by all plaintiffs except Jana Nicole Johnson, and the punitive damages claims (Ninth Cause of Action) by all plaintiffs except Jana Nicole Johnson against Standard Restaurant Supply, as these are time-barred. The labor trafficking (First Cause of Action) and involuntary servitude (Fourth Cause of Action) claims by Jenny Kingston, Jana Nicole Johnson, and Priscilla Tucker are timely, though Standard Restaurant Supply denies these allegations.

**II. Sierra Wholesale**

Sierra Wholesale, another alleged Order Business, is accused by Mary Ann Robinson of labor trafficking (First Cause of Action) and involuntary servitude (Fourth Cause of Action). SAC ¶¶ 513, 562. All ten plaintiffs assert civil conspiracy (Fifth Cause of Action) and punitive damages (Ninth Cause of Action) claims. SAC ¶¶ 572, 622. Sierra Wholesale denies these allegations, asserting it operated lawfully. All of Mary Ann Robinson's claims and most conspiracy claims are time-barred under applicable law.

9

The First Cause of Action for labor trafficking has a ten-year statute of limitations from the plaintiff's 18th birthday if the offense occurred during minority. 18 U.S.C. § 1595(c). Mary Ann Robinson, born November 13, 1992 (SAC 50), turned 18 on November 13, 2010. Her claim against Sierra Wholesale (SAC 513) expired on November 13, 2020. Ex. A at 1. Filed on February 28, 2024, her claim is over three years late and time-barred. Sierra Wholesale denies any trafficking and notes the claim's staleness.

The Fourth Cause of Action for involuntary servitude is also governed by a ten-year limitations period. 18 U.S.C. § 1595(c). Mary Ann Robinson's claim (SAC 562) expired on November 13, 2020, and is time-barred. Ex. A at 1. Sierra Wholesale denies any forced labor.

The Fifth Cause of Action for civil conspiracy has a four-year statute of limitations, tolled until age 18. Utah Code Ann. §§ 78B-2-307(3), 78B-2-108(2). The claims by Amanda Grant (expired August 31, 2017), Mary Ann Robinson (expired November 13, 2014), Jenny Kingston (expired May 10, 2019), Priscilla Tucker (expired April 18, 2019), Julie Ruth Green (expired December 6, 2020), Michelle Ruth Michaels (expired May 2, 2022), Allison Eames (expired November 6, 2021), Brenda Collins (expired March 23, 2023), and Alex Martin (expired January 23, 2024) are time-barred. Ex. A at 1. Jana Nicole Johnson's claim, expiring January 9, 2025, is timely. Ex. A at 1. Sierra Wholesale denies any conspiracy.

The Ninth Cause of Action for punitive damages is barred for all plaintiffs except Jana Nicole Johnson, as their underlying claims are time-barred. Norman, 2002 UT 81, 36. Sierra Wholesale denies any conduct warranting punitive damages.

The Court should dismiss Mary Ann Robinson's labor trafficking (First Cause of Action) and involuntary servitude (Fourth Cause of Action) claims, the civil conspiracy claims (Fifth Cause of Action) by all plaintiffs except Jana Nicole Johnson, and the punitive damages claims (Ninth Cause of Action) by all plaintiffs except Jana Nicole Johnson against Sierra Wholesale. Jana Nicole

10

Johnson's conspiracy and punitive damages claims are timely, though Sierra Wholesale denies their merit.

### III. World Enterprises

World Enterprises, an alleged Order-affiliated business, is named in the SAC. SAC ¶¶ 65, 67. It faces civil conspiracy (Fifth Cause of Action) and punitive damages (Ninth Cause of Action) claims from all ten plaintiffs. SAC ¶¶ 572, 622. World Enterprises denies these allegations, asserting it is a lawful entity. Most claims are time-barred.

The civil conspiracy claim has a four-year statute of limitations, tolled until age 18. Utah Code Ann. §§ 78B-2-307(3), 78B-2-108(2). The claims by Amanda Grant, Mary Ann Robinson, Jenny Kingston, Priscilla Tucker, Julie Ruth Green, Michelle Ruth Michaels, Allison Eames, Brenda Collins, and Alex Martin are time-barred, with expiration dates from November 13, 2014, to January 23, 2024. Ex. A at 1. Jana Nicole Johnson's claim, expiring January 9, 2025, is timely. Ex. A at 1. World Enterprises denies any conspiracy.

The punitive damages claims by all plaintiffs except Jana Nicole Johnson are barred, as their underlying conspiracy claims are time-barred. Norman, 2002 UT 81, 36. World Enterprises denies any conduct warranting punitive damages.

The Court should dismiss the civil conspiracy (Fifth Cause of Action) and punitive damages (Ninth Cause of Action) claims by all plaintiffs except Jana Nicole Johnson against World Enterprises. Jana Nicole Johnson's claims are timely, though World Enterprises denies their validity.

### IV. World Enterprises II

World Enterprises II, a Nevada corporation allegedly tied to the Order, faces civil conspiracy (Fifth Cause of Action) and punitive damages (Ninth Cause of Action) claims from all ten plaintiffs. SAC ¶¶ 66, 67, 572, 622. World Enterprises II denies these allegations. Most claims are time-barred.

11

The civil conspiracy claims by Amanda Grant, Mary Ann Robinson, Jenny Kingston, Priscilla Tucker, Julie Ruth Green, Michelle Ruth Michaels, Allison Eames, Brenda Collins, and Alex Martin are time-barred under Utah Code Ann. § 78B-2-307(3). Ex. A at 1. Jana Nicole Johnson's claim is timely. Ex. A at 1. The punitive damages claims by all plaintiffs except Jana Nicole Johnson are barred. *Norman*, 2002 UT 81, ¶ 36.

The Court should dismiss the civil conspiracy (Fifth Cause of Action) and punitive damages (Ninth Cause of Action) claims by all plaintiffs except Jana Nicole Johnson against World Enterprises II. Jana Nicole Johnson's claims are timely, though World Enterprises II denies them.

**V. Hyrum Dalton Kingston**

Hyrum Dalton Kingston, an alleged Order leader, is accused by Jenny Kingston and Priscilla Tucker of labor trafficking (First Cause of Action), FLSA violations (Third Cause of Action), and involuntary servitude (Fourth Cause of Action). SAC ¶¶ 504, 510, 541, 554, 559. All ten plaintiffs assert civil conspiracy (Fifth Cause of Action) and punitive damages (Ninth Cause of Action) claims. SAC ¶¶ 572, 622. Hyrum denies these allegations. Several claims are time-barred.

The labor trafficking claims (SAC ¶¶ 504, 510) and involuntary servitude claims (SAC ¶¶ 554, 559) by Jenny Kingston and Priscilla Tucker are timely under 18 U.S.C. § 1595(c). Ex. A at 1. Jenny Kingston's FLSA claim (SAC ¶ 541) is time-barred under 29 U.S.C. § 255(a), expiring by May 10, 2018. Ex. A at 1; SAC ¶¶ 273–76. The civil conspiracy claims by all plaintiffs except Jana Nicole Johnson are time-barred under Utah Code Ann. § 78B-2-307(3). Ex. A at 1. The punitive damages claims by all plaintiffs except Jana Nicole Johnson, Jenny Kingston (for timely claims), and Priscilla Tucker are barred. *Norman*, 2002 UT 81, ¶ 36.

The Court should dismiss Jenny Kingston's FLSA claim (Third Cause of Action), the civil conspiracy claims (Fifth Cause of Action) by all plaintiffs except Jana Nicole Johnson, and the punitive damages claims (Ninth Cause of Action) by all plaintiffs except Jana Nicole Johnson, Jenny

Kingston, and Priscilla Tucker against Hyrum Dalton Kingston. The labor trafficking and involuntary servitude claims are timely, though Hyrum denies them.

### VI. April McKay

April McKay is accused by Allison Eames of labor trafficking (First Cause of Action) and involuntary servitude (Fourth Cause of Action). SAC ¶¶ 509, 558. All ten plaintiffs assert civil conspiracy (Fifth Cause of Action) and punitive damages (Ninth Cause of Action) claims. SAC ¶¶ 572, 622. April McKay denies these allegations. Most conspiracy claims are time-barred, but Allison's claims are timely.

Allison Eames' labor trafficking and involuntary servitude claims are timely under 18 U.S.C. § 1595(c), expiring on November 6, 2027. Ex. A at 1. The civil conspiracy claims by all plaintiffs except Jana Nicole Johnson are time-barred under Utah Code Ann. § 78B-2-307(3). Ex. A at 1. The punitive damages claims by all plaintiffs except Jana Nicole Johnson and Allison Eames are barred. Norman, 2002 UT 81,    36.

The Court should dismiss the civil conspiracy claims (Fifth Cause of Action) by all plaintiffs except Jana Nicole Johnson and the punitive damages claims (Ninth Cause of Action) by all plaintiffs except Jana Nicole Johnson and Allison Eames against April McKay. Allison Eames' labor trafficking and involuntary servitude claims are timely, though April McKay denies them.

### VII. Jacob Ortell Kingston, Sr.

Jacob Ortell Kingston, Sr., is accused by Jenny Kingston of labor trafficking (First Cause of Action), sex trafficking (Second Cause of Action), FLSA violations (Third Cause of Action), involuntary servitude (Fourth Cause of Action), and negligent sexual battery (Eighth Cause of Action). SAC ¶¶ 505, 526, 541, 554, 613. Priscilla Tucker claims labor trafficking and involuntary servitude. SAC ¶¶ 510, 559. All plaintiffs assert civil conspiracy and punitive damages claims. SAC ¶¶ 572, 622. Jacob Ortell denies these allegations. Several claims are time-barred.

Jenny Kingston's labor trafficking, sex trafficking (18 U.S.C. § 1595(c)), and involuntary servitude claims are timely. Ex. A at 1. Her FLSA claim is time-barred under 29 U.S.C. § 255(a). Ex. A at 1. Her negligent sexual battery claim, as a non-perpetrator claim, is time-barred under Utah Code Ann. § 78B-2-308(3)(b), expiring four years after age 18 (May 10, 2019). Ex. A at 1. Priscilla Tucker's labor trafficking and involuntary servitude claims are timely. Ex. A at 1. The civil conspiracy claims by all plaintiffs except Jana Nicole Johnson are time-barred. Ex. A at 1. The punitive damages claims by all plaintiffs except Jana Nicole Johnson, Jenny Kingston, and Priscilla Tucker are barred. Norman, 2002 UT 81, 36.

The Court should dismiss Jenny Kingston's FLSA and negligent sexual battery claims, the civil conspiracy claims by all plaintiffs except Jana Nicole Johnson, and the punitive damages claims by all plaintiffs except Jana Nicole Johnson, Jenny Kingston, and Priscilla Tucker against Jacob Ortell Kingston, Sr. The labor trafficking, sex trafficking, and involuntary servitude claims are timely, though Jacob Ortell denies them.

**VIII. Jacob Daniel Kingston, Jr.**

Jacob Daniel Kingston, Jr., is accused by Jenny Kingston of sex trafficking (Second Cause of Action), sexual battery and abuse of a child (Sixth Cause of Action), sexual battery and rape of adults (Seventh Cause of Action), and negligent sexual battery (Eighth Cause of Action). SAC ¶¶ 526, 600, 606, 613. All plaintiffs assert civil conspiracy and punitive damages claims. SAC ¶¶ 572, 622. Jacob Daniel denies these allegations. Some claims are time-barred.

Jenny Kingston's sex trafficking claim is timely under 18 U.S.C. § 1595(c). Ex. A at 1. Her sexual battery and abuse of a child and negligent sexual battery claims are timely against perpetrators, with no statute of limitations. Utah Code Ann. § 78B-2-308(3)(a). Ex. A at 1. Her sexual battery and rape of adults claim is time-barred under Utah Code Ann. § 78B-2-307(3), expiring four years after the act (likely by 2019, assuming acts post-2015). Ex. A at 1; SAC ¶¶

246–61. The civil conspiracy claims by all plaintiffs except Jana Nicole Johnson are time-barred. Ex. A at 1. The punitive damages claims by all plaintiffs except Jana Nicole Johnson and Jenny Kingston are barred. Norman, 2002 UT 81,    36.

The Court should dismiss Jenny Kingston's sexual battery and rape of adults claim, the civil conspiracy claims by all plaintiffs except Jana Nicole Johnson, and the punitive damages claims by all plaintiffs except Jana Nicole Johnson and Jenny Kingston against Jacob Daniel Kingston, Jr. The sex trafficking, sexual battery and abuse of a child, and negligent sexual battery claims are timely, though Jacob Daniel denies them.

### IX. Sally Kingston

Sally Kingston is accused by Jenny Kingston of labor trafficking (First Cause of Action), sex trafficking (Second Cause of Action), FLSA violations (Third Cause of Action), involuntary servitude (Fourth Cause of Action), and negligent sexual battery (Eighth Cause of Action). SAC ¶¶ 505, 526, 541, 554, 613. Priscilla Tucker claims labor trafficking and involuntary servitude. SAC ¶¶ 510, 559. All plaintiffs assert civil conspiracy and punitive damages claims. SAC ¶¶ 572, 622. Sally denies these allegations. Several claims are time-barred.

Jenny Kingston's labor trafficking, sex trafficking, and involuntary servitude claims are timely under 18 U.S.C. § 1595(c). Ex. A at 1. Priscilla Tucker's claims are timely. Ex. A at 1. Jenny Kingston's FLSA claim is time-barred under 29 U.S.C. § 255(a). Ex. A at 1. Her negligent sexual battery claim, as a non-perpetrator claim, is time-barred under Utah Code Ann. § 78B-2-308(3)(b). Ex. A at 1. The civil conspiracy claims by all plaintiffs except Jana Nicole Johnson are time-barred. Ex. A at 1. The punitive damages claims by all plaintiffs except Jana Nicole Johnson, Jenny Kingston, and Priscilla Tucker are barred. Norman, 2002 UT 81,    36.

The Court should dismiss Jenny Kingston's FLSA and negligent sexual battery claims, the civil conspiracy claims by all plaintiffs except Jana Nicole Johnson, and the punitive damages claims

by all plaintiffs except Jana Nicole Johnson, Jenny Kingston, and Priscilla Tucker against Sally Kingston. The labor trafficking, sex trafficking, and involuntary servitude claims are timely, though Sally denies them.

### X. No Tolling or Equitable Exceptions Apply

The SAC fails to allege facts sufficient to invoke tolling or equitable exceptions for either statutes of limitations or statutes of repose governing the plaintiffs' claims. The Moving Defendants assert that the plaintiffs' claims are time-barred under both federal and Utah law, and no legal basis exists to extend the applicable deadlines, particularly given the absolute bar imposed by statutes of repose.

For claims governed by statutes of limitations, equitable tolling is available only in exceptional circumstances, which the SAC does not establish. Under Utah law, statutes of limitations are tolled for minors until they reach age 18, a provision already accounted for in the calculations above. Utah Code Ann. § 78B-2-108(2); *see Jensen v. Young*, 2010 UT 67, 12, 245 P.3d 731 (discussing minority tolling). Beyond this statutory tolling, Utah requires particularized allegations for equitable tolling, such as fraudulent concealment by the defendant that prevented the plaintiff from discovering the claim. *Colosimo v. Roman Catholic Bishop*, 2007 UT 25, 21, 156 P.3d 806. The SAC's vague reference to "indoctrination, brainwashing, and mental abuse" (SAC 76) lacks specific facts showing that the Moving Defendants actively concealed the plaintiffs' claims or prevented their pursuit. Without such allegations, equitable tolling is unavailable under Utah law. *See Berenda v. Langford*, 914 P.2d 45, 51 (Utah 1996) (requiring specific evidence of concealment).

Similarly, federal law imposes a high bar for equitable tolling, requiring plaintiffs to demonstrate "extraordinary circumstances" that prevented timely filing and diligent pursuit of their rights. *United States v. Kwai Fun Wong*, 575 U.S. 402, 408–09 (2015). The SAC does not allege any external obstacles, such as government misconduct or insurmountable barriers, that would justify

16

tolling federal claims like those under the Trafficking Victims Protection Reauthorization Act (TVPRA) or the Fair Labor Standards Act (FLSA). *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256–57 (2016) (defining extraordinary circumstances). The plaintiffs' failure to plead such circumstances renders equitable tolling inapplicable to their federal claims.

Certain state claims, such as negligent sexual battery and abuse of a child, are subject to a discovery rule, allowing filing within four years of discovering the abuse after age 18. Utah Code Ann. § 78B-2-308(3)(b). However, the SAC does not allege that any plaintiff discovered their claims after reaching 18, nor does it provide facts suggesting delayed discovery due to repression or concealment. *See Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, 20, 108 P.3d 741 (requiring specific pleading of delayed discovery). Absent such allegations, the discovery rule does not extend the limitations periods for these claims.

Critically, several of the plaintiffs' claims, particularly the federal TVPRA claims for labor trafficking (First Cause of Action), sex trafficking (Second Cause of Action), and involuntary servitude (Fourth Cause of Action), are governed by statutes of repose, which are not subject to equitable tolling as a matter of law. The TVPRA provides a ten-year period for civil claims, running from the date the victim reaches 18 or the offense's occurrence, whichever is later. 18 U.S.C. § 1595(c); *see Ditullio v. Boehm*, 662 F.3d 1091, 1097 (9th Cir. 2011) (characterizing § 1595(c) as a statute of repose). Unlike statutes of limitations, which "require a lawsuit to be filed within a specified period after a legal right has been violated," statutes of repose "bar all actions after a specified period of time has run from the occurrence of some event other than the occurrence of an injury." *Willis v. DeWitt*, 2015 UT App 123, 8, 350 P.3d 250. As the Tenth Circuit has explained, statutes of repose "cannot be tolled" because they are designed to provide "explicit and certain protection to defendants," regardless of when the injury occurred or was discovered. *Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1155 (10th Cir. 2023) (citations omitted). Thus, even if the SAC's allegations of

17

indoctrination could support equitable tolling for statutes of limitations (which they do not), such arguments are legally irrelevant to the TVPRA claims, which are subject to an absolute ten-year bar under 18 U.S.C. § 1595(c). *See CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014) (holding statutes of repose are immune to equitable tolling).

The SAC's failure to plead facts supporting tolling for statutes of limitations, combined with the categorical non-tollability of statutes of repose, confirms that the plaintiffs' claims are time-barred.

## CONCLUSION AND RELIEF SOUGHT

The claims against the Moving Defendants are largely time-barred under federal and Utah law, as demonstrated by the SAC and applicable statutes. The Court should dismiss with prejudice:

Against Standard Restaurant Supply: Jenny Kingston's and Jana Nicole Johnson's FLSA claims (Third Cause of Action), the civil conspiracy claims (Fifth Cause of Action) by all plaintiffs except Jana Nicole Johnson, and the punitive damages claims (Ninth Cause of Action) by all plaintiffs except Jana Nicole Johnson.

Against Sierra Wholesale: Mary Ann Robinson's labor trafficking (First Cause of Action) and involuntary servitude (Fourth Cause of Action) claims, the civil conspiracy claims (Fifth Cause of Action) by all plaintiffs except Jana Nicole Johnson, and the punitive damages claims (Ninth Cause of Action) by all plaintiffs except Jana Nicole Johnson.

Against World Enterprises and World Enterprises II: The civil conspiracy (Fifth Cause of Action) and punitive damages (Ninth Cause of Action) claims by all plaintiffs except Jana Nicole Johnson.

Against Hyrum Dalton Kingston: Jenny Kingston's FLSA claim (Third Cause of Action), the civil conspiracy claims (Fifth Cause of Action) by all plaintiffs except Jana Nicole Johnson, and the

punitive damages claims (Ninth Cause of Action) by all plaintiffs except Jana Nicole Johnson, Jenny Kingston, and Priscilla Tucker.

Against April McKay: The civil conspiracy claims (Fifth Cause of Action) by all plaintiffs except Jana Nicole Johnson and the punitive damages claims (Ninth Cause of Action) by all plaintiffs except Jana Nicole Johnson and Allison Eames.

Against Jacob Ortell Kingston, Sr.: Jenny Kingston's FLSA (Third Cause of Action) and negligent sexual battery (Eighth Cause of Action) claims, the civil conspiracy claims (Fifth Cause of Action) by all plaintiffs except Jana Nicole Johnson, and the punitive damages claims (Ninth Cause of Action) by all plaintiffs except Jana Nicole Johnson, Jenny Kingston, and Priscilla Tucker.

Against Jacob Daniel Kingston, Jr.: Jenny Kingston's sexual battery and rape of adults (Seventh Cause of Action) claim, the civil conspiracy claims (Fifth Cause of Action) by all plaintiffs except Jana Nicole Johnson, and the punitive damages claims (Ninth Cause of Action) by all plaintiffs except Jana Nicole Johnson and Jenny Kingston.

Against Sally Kingston: Jenny Kingston's FLSA (Third Cause of Action) and negligent sexual battery (Eighth Cause of Action) claims, the civil conspiracy claims (Fifth Cause of Action) by all plaintiffs except Jana Nicole Johnson, and the punitive damages claims (Ninth Cause of Action) by all plaintiffs except Jana Nicole Johnson, Jenny Kingston, and Priscilla Tucker.

Dismissal should be with prejudice, as amendment cannot cure expired limitations periods. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). The Moving Defendants deny all allegations and seek dismissal of these untimely claims. For timely claims, the Movants reserve the right to file subsequent motions addressing substantive deficiencies, consistent with the Court's future instructions.

DATED June 2nd, 2025.

19

/s/ Ryan Kingston
Ryan Kingston
*Counsel for Movants*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Motion to Dismiss to be sent via electronic filing, on Monday, June 2, 2025, to:

**Roger H. Hoole (5089)**
**HOOLE & KING, L.C.**
**4276 S. Highland Drive**
**Salt Lake City, UT 84124**
**Telephone: (801) 272-7556**
**Facsimile: (801) 272-7557**
**rogerh@hooleking.com**

**/s/ Ryan C. Kingston**

20

**Exhibit A**

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

*Filing Date of Initial Pleading was 02/28/24.*        **Dates in RED are time-barred.**

| PLAINTIFFS / Date of Birth | FEDERAL CLAIMS | | | | STATE CLAIMS — Satute of limitations tolled for <18YO | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CAUSE OF ACTION | 1 labor trafficking | 2 sex trafficking | 3 FLSA | 4 involuntary servitude | 5 civil conspiracy | 6 child sex abuse | 8 negligent child sex abuse | 7 adult sex abuse | 9 punitive damages |
| Statute of limitations or repose | age 18 + 10 years | age 18 + 10 years | 3 years *see note* | age 18 + 10 years | age 18 + 4 years | Perpetrators - no limit / others - age 18 + 4 years | | age 18 + 4 years | N/A |
| | STATUTE OF LIMITATIONS - FILING CUTOFF DATES | | | | | | | | |
| Amanda Grant   b. 08/31/1995 | 08/31/2023 | × | × | 08/31/2023 | 08/31/2017 | 08/31/2017 | × | × | |
| Jenny Kingston   b. 05/10/1997 | 05/10/2025 | 05/10/2025 | 05/10/2018 | 05/10/2025 | 05/10/2019 | 05/10/2019 | 05/10/2019 | 05/10/2019 | |
| Jana Nicole Johnson   b. 01/09/2003 | 01/09/2031 | 01/09/2031 | 01/09/2024 | 01/09/2031 | 01/09/2025 | 01/09/2025 | 01/09/2025 | 01/09/2025 | |
| Julie Ruth Green aka Julie Nichols   b. 12/06/1998 | 12/06/2026 | 12/06/2026 | × | 12/06/2026 | 12/06/2020 | × | 12/06/2020 | 12/06/2020 | |
| Michelle Ruth Michaels   b. 05/02/2000 | 05/02/2028 | × | × | 05/02/2028 | 05/02/2022 | × | × | × | |
| Allison Eames   b. 11/06/1999 | 11/06/2027 | × | × | 11/06/2027 | 11/06/2021 | × | × | × | |
| Priscilla Tucker   b. 04/18/1997 | 04/18/2025 | × | × | 04/18/2025 | 04/18/2019 | × | × | × | |
| Brenda Collins   b. 03/23/2001 | 03/23/2029 | × | × | 03/23/2029 | 03/23/2023 | × | × | × | |
| Katie (Alex) Martin   b. 01/23/2002 | 01/23/2030 | × | 01/23/2023 | 01/23/2030 | 01/23/2024 | × | × | × | |
| Mary Ann Robinson   b. 11/13/1992 | 11/13/2020 | × | × | 11/13/2020 | 11/13/2014 | × | × | × | |

*Note: The dates in the table for FLSA plaintiffs are age 18 + 3 years. Actual statute of limitations is shorter, just 3 years from when claim arose.*

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

**PLAINTIFFS**      *Filing Date of Initial Pleading was*  *02/28/24*

| NAME | Date of Birth | Turned 18 | 18+3 yrs | 18+4 yrs | 18+10 yrs |
|---|---|---|---|---|---|
| **Amanda Grant** | ¶4  08/31/1995 | 08/31/2013 | 08/31/2016 | 08/31/2017 | 08/31/2023 |
| **Jenny Kingston** | ¶5  05/10/1997 | 05/10/2015 | 05/10/2018 | 05/10/2019 | 05/10/2025 |
| **Jana Nicole Johnson** | ¶6  01/09/2003 | 01/09/2021 | 01/09/2024 | 01/09/2025 | 01/09/2031 |
| **Julie Ruth Green** aka Julie Nichols | ¶7  12/06/1998 | 12/06/2016 | 12/06/2019 | 12/06/2020 | 12/06/2026 |
| **Michelle Ruth Michaels** | ¶8  05/02/2000 | 05/02/2018 | 05/02/2021 | 05/02/2022 | 05/02/2028 |
| **Allison Eames** | ¶9  11/06/1999 | 11/06/2017 | 11/06/2020 | 11/06/2021 | 11/06/2027 |
| **Priscilla Tucker** | ¶10  04/18/1997 | 04/18/2015 | 04/18/2018 | 04/18/2019 | 04/18/2025 |
| **Brenda Collins** | ¶11  03/23/2001 | 03/23/2019 | 03/23/2022 | 03/23/2023 | 03/23/2029 |
| **Katie (Alex) Martin** | ¶12  01/23/2002 | 01/23/2020 | 01/23/2023 | 01/23/2024 | 01/23/2030 |
| **Mary Ann Robinson** | ¶13  11/13/1992 | 11/13/2010 | 11/13/2013 | 11/13/2014 | 11/13/2020 |

*Page 1*

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

## CAUSES OF ACTION   *Filing Date of Initial Pleading was  02/28/24*

| CLAIM | Statute Limitations | Citation |
|---|---|---|
| 1  Federal Labor Trafficking 18 U.S.C. §§ 1589, 1590, 1595 | (1)  10 years after the cause of action arose; or (2)<br><br>10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense. | **18 U.S.C. § 1595** |
| 2  Federal Sex Trafficking 18 U.S.C. § 1591 | | |
| 4  Involuntary Servitude 18 U.S.C. § 1584 | | |
| 3  Fair Labor Standards Act 29 U.S.C. §§ 206, 216 | within two years after the cause of action accrued, . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. | **29 U.S.C. § 255** |
| 6  Sexual Battery And Abuse of Children U.C.A. § 78B-2-308 | Against a perpetrator - any time.<br><br>Against a non-perpetrator: Age 18 plus four years. | **U.C.A. § 78B-2-308(3)** |
| 8   Negligent Sexual Battery and Abuse of a Child  U.C.A. §78B-2-308 | | |
| 7  Sexual Battery and Rape of Adults  common law battery? | Four years after cause of action accrued.<br><br>An action may be brought within four years:  (3)  for  relief  not  otherwise provided for by law. | **U.C.A. § 78B-2-307(3)** |
| 5  Civil Conspiracy state claim | | |
| 9  Punitive Damages | underlying claim(s) | **not applicable** |
| State claims are tolled for minors | During  the time that an individual is underage …, the statute of limitations for a  cause  of  action  other  than  for  the recovery of real property may not run. | **U.C.A. § 78B-2-108**(2) |

*Page 2*

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

## ITEMIZED CLAIMS FOR RELIEF

## First Cause of Action - Federal Labor Trafficking
**Statute of Limitations: 10 years after cause of action arose, OR**
**Statute of Repose:       10 years after plaintiff turned 18, if a minor.**

**Claim 1.1.1:**      Amanda Grant vs Fidelity Lending aka the Order Bank
**Claim 1.1.2:**      Amanda Grant vs Rachel Orlean Kingston Young
**Claim 1.1.3:**      Amanda Grant vs Deborah Williams
**Claim 1.1.4:**      Amanda Grant vs David Ortell Kingston
**Claim 1.1.5:**      Amanda Grant vs Jason Ortell Kingston
**Claim 1.1.6:**      Amanda Grant vs Paul Elden Kingston, Sr.
**Claim 1.1.7:**      Amanda Grant vs Advanced Copy
**Claim 1.1.8:**      Amanda Grant vs Jesse Orvil Kingston
**Claim 1.1.9:**      Amanda Grant vs Paul Elden Kingston, Sr.
**Claim 1.1.10:**     Amanda Grant vs John's Market Place
**Claim 1.1.11:**     Amanda Grant vs Hyrum Dalton Kingston
**Claim 1.1.12:**     Amanda Grant vs Ensign Learning Center

**Claim 1.2.1:**      Jenny Kingston vs Advance Vending
**Claim 1.2.2:**      Jenny Kingston vs Family Stores True Value
**Claim 1.2.3:**      Jenny Kingston vs the Order Bank aka Century Offic
**Claim 1.2.4:**      Jenny Kingston vs Rachel Ann Kingston Young
**Claim 1.2.5:**      Jenny Kingston vs Deborah Williams
**Claim 1.2.6:**      Jenny Kingston vs Paul Elden Kingston, Sr.
**Claim 1.2.7:**      Jenny Kingston vs Standard Restaurant Supply
**Claim 1.2.8:**      Jenny Kingston vs A-1 Disposal
**Claim 1.2.9:**      Jenny Kingston vs John Daniel Kingston, Sr.
**Claim 1.2.10:**     Jenny Kingston vs Ensign Learning Center
**Claim 1.2.11:**     Jenny Kingston vs Hyrum Dalton Kingston
**Claim 1.2.12:**     Jenny Kingston vs WRE
**Claim 1.2.13:**     Jenny Kingston vs United Fuel Supply
**Claim 1.2.14:**     Jenny Kingston vs UFS Management
**Claim 1.2.15:**     Jenny Kingston vs Sally Kingston
**Claim 1.2.16:**     Jenny Kingston vs Rachel Ann Kingston Young
**Claim 1.2.17:**     Jenny Kingston vs Jacob Ortell Kingston

**Claim 1.3.1:**      Jana Johnson vs Fidelity Lending
**Claim 1.3.2:**      Jana Johnson vs the Order Bank
**Claim 1.3.3:**      Jana Johnson vs Deborah Williams
**Claim 1.3.4:**      Jana Johnson vs Paul Elden Kingston, Jr.
**Claim 1.3.5:**      Jana Johnson vs Property Compliance
**Claim 1.3.6:**      Jana Johnson vs Paul Elden Kingston, Sr.

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

| | |
|---|---|
| **Claim 1.3.7:** | Jana Johnson vs Standard Restaurant Supply |
| **Claim 1.3.8:** | Jana Johnson vs Defendants |
| | |
| **Claim 1.4.1:** | Julie Green vs the Order |
| **Claim 1.4.2:** | Julie Green vs the Order Office aka Century Office |
| **Claim 1.4.3:** | Julie Green vs Garco Property Management |
| **Claim 1.4.4:** | Julie Green vs Arrow Real Estate |
| **Claim 1.4.5:** | Julie Green vs Jason Ortell Kingston |
| | |
| **Claim 1.5.1:** | Michelle Michaels vs American Digital Systems |
| **Claim 1.5.2:** | Michelle Michaels vs Jesse Orvil Kingston |
| **Claim 1.5.3:** | Michelle Michaels vs Michelle Afton Michaels |
| **Claim 1.5.4:** | Michelle Michaels vs the Order Bank |
| **Claim 1.5.5:** | Michelle Michaels vs Jolene Andrews |
| **Claim 1.5.6:** | Michelle Michaels vs Deborah Williams |
| **Claim 1.5.7:** | Michelle Michaels vs Paul Elden Kingston, Sr. |
| **Claim 1.5.8:** | Michelle Michaels vs Rachel Orlean Kingston Young |
| **Claim 1.5.9:** | Michelle Michaels vs AAA Communications |
| **Claim 1.5.10:** | Michelle Michaels vs Jesse Orvil Kingston |
| **Claim 1.5.11:** | Michelle Michaels vs Michelle Afton Michaels |
| | |
| **Claim 1.6.1:** | Allison Eames vs A-1 Disposal |
| **Claim 1.6.2:** | Allison Eames vs John Daniel Kingston, Sr. |
| **Claim 1.6.3:** | Allison Eames vs Washakie Ranch |
| **Claim 1.6.4:** | Allison Eames vs Valerie Martin |
| **Claim 1.6.5:** | Allison Eames vs April McKay |
| **Claim 1.6.6:** | Allison Eames vs the Order Bank |
| **Claim 1.6.7:** | Allison Eames vs John's Market Place |
| **Claim 1.6.8:** | Allison Eames vs Family Stores True Value |
| | |
| **Claim 1.7.1:** | Priscilla Tucker vs Standard Restaurant Supply |
| **Claim 1.7.2:** | Priscilla Tucker vs Family Store True Value |
| **Claim 1.7.3:** | Priscilla Tucker vs Ensign Learning Center |
| **Claim 1.7.4:** | Priscilla Tucker vs Hyrum Dalton Kingston |
| **Claim 1.7.5:** | Priscilla Tucker vs Patricia Kingston |
| **Claim 1.7.6:** | Priscilla Tucker vs Paul Elden Kingston, Sr. |
| **Claim 1.7.7:** | Priscilla Tucker vs Defendants in paragraphs 416-7 and 427 |
| **Claim 1.7.8:** | Priscilla Tucker vs CTC Trucking |
| **Claim 1.7.9:** | Priscilla Tucker vs Jacob Ortell Kingston, Sr. |
| **Claim 1.7.10:** | Priscilla Tucker vs Rachel Ann Kingston |
| **Claim 1.7.11:** | Priscilla Tucker vs WRE |
| **Claim 1.7.12:** | Priscilla Tucker vs Defendants in paragraphs 424-5 and 427 |
| | |
| **Claim 1.8.1:** | Brenda Collins vs John Daniel Kingston, Sr. |

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

| | |
|---|---|
| **Claim 1.8.2:** | Brenda Collins vs A-1 Disposal |
| **Claim 1.8.3:** | Brenda Collins vs the Order |
| **Claim 1.8.4:** | Brenda Collins vs Family Store True Value |
| | |
| **Claim 1.9.1:** | Alex Martin vs Washakie Ranch |
| **Claim 1.9.2:** | Alex Martin vs John Daniel Kingston, Sr. |
| **Claim 1.9.3:** | Alex Martin vs A&W |
| **Claim 1.9.4:** | Alex Martin vs The Food Group |
| **Claim 1.9.5:** | Alex Martin vs Jacob Ortell Kingston, Sr. |
| **Claim 1.9.6:** | Alex Martin vs American Wellness and Rehab Clinic |
| | |
| **Claim 1.10.1:** | Mary Ann Robinson vs Advance Vending |
| **Claim 1.10.2:** | Mary Ann Robinson vs Family Stores True Value |
| **Claim 1.10.3:** | Mary Ann Robinson vs John's Market Place |
| **Claim 1.10.4:** | Mary Ann Robinson vs Sierra Wholesale |
| **Claim 1.10.5:** | Mary Ann Robinson vs the Order Bank |
| **Claim 1.10.6:** | Mary Ann Robinson vs Paul Elden Kingston, Sr. |
| **Claim 1.10.7:** | Mary Ann Robinson vs the Order |
| **Claim 1.10.8:** | Mary Ann Robinson vs A-1 Disposal |
| **Claim 1.10.9:** | Mary Ann Robinson vs John Daniel Kingston, Sr. |

## Second Cause of Action - Federal Sex Trafficking

**Statute of Limitations: 10 years after cause of action arose, OR**
**Statute of Repose:      10 years after plaintiff turned 18, if a minor.**

| | |
|---|---|
| **Claim 2.1.1:** | Jenny Kingston vs  Jacob Daniel Kingston Jr. |
| **Claim 2.1.2:** | Jenny Kingston vs  Jacob Ortell Kingston, Sr. |
| **Claim 2.1.3:** | Jenny Kingston vs  Sally Kingston |
| **Claim 2.1.4:** | Jenny Kingston vs  John Daniel Kingston, Sr. |
| **Claim 2.1.5:** | Jenny Kingston vs  John Daniel Kingston, Jr. |
| **Claim 2.1.6:** | Jenny Kingston vs  Jeremy Ortell Kingston, Sr. |
| **Claim 2.1.7:** | Jenny Kingston vs  Paul Elden Kingston, Sr. |
| | |
| **Claim 2.2.1:** | Jana Johnson vs Daniel Charles Kingston |
| **Claim 2.2.2:** | Jana Johnson vs Paul Elden Kingston, Sr. |
| **Claim 2.2.3:** | Jana Johnson vs Patricia Kingston |
| **Claim 2.2.4:** | Jana Johnson vs Kent William Johnson |
| | |
| **Claim 2.3.1:** | Julie Green vs  Paul Elden Kingston, Jr. |
| **Claim 2.3.2:** | Julie Green vs  Paul Elden Kingston, Sr. |
| **Claim 2.3.3:** | Julie Green vs  Patricia Kingston |

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

## Third Cause of Action - Federal Fair Labor Standards Act

**Statute of Limitations:  two years after the cause of action accrued, or three years if the violation was willful.**

**Claim 3.1.1:**    Jenny Kingston vs. Advance Vending
**Claim 3.1.2:**    Jenny Kingston vs. Family Stores True Value
**Claim 3.1.3:**    Jenny Kingston vs. the Order Bank aka Century Office
**Claim 3.1.4:**    Jenny Kingston vs. Rachel Ann Kingston Young
**Claim 3.1.5:**    Jenny Kingston vs. Deborah Williams
**Claim 3.1.6:**    Jenny Kingston vs. Paul Elden Kingston, Sr.
**Claim 3.1.7:**    Jenny Kingston vs. Standard Restaurant Supply
**Claim 3.1.8:**    Jenny Kingston vs. A-1 Disposal
**Claim 3.1.9:**    Jenny Kingston vs. John Daniel Kingston, Sr.
**Claim 3.1.10:**    Jenny Kingston vs. Ensign Learning Center
**Claim 3.1.11:**    Jenny Kingston vs. Hyrum Dalton Kingston
**Claim 3.1.12:**    Jenny Kingston vs. WRE
**Claim 3.1.13:**    Jenny Kingston vs. United Fuel Supply
**Claim 3.1.14:**    Jenny Kingston vs. Sally Kingston
**Claim 3.1.15:**    Jenny Kingston vs. Rachel Ann Kingston Young
**Claim 3.1.16:**    Jenny Kingston vs. Jacob Ortell Kingston

**Claim 3.2.1:**    Jana Nicole Johnson vs  Fidelity Lending
**Claim 3.2.2:**    Jana Nicole Johnson vs  the Order Bank
**Claim 3.2.3:**    Jana Nicole Johnson vs  Deborah Williams
**Claim 3.2.4:**    Jana Nicole Johnson vs  Paul Elden Kingston, Jr.
**Claim 3.2.5:**    Jana Nicole Johnson vs  Property Compliance
**Claim 3.2.6:**    Jana Nicole Johnson vs  Paul Elden Kingston, Sr.
**Claim 3.2.7:**    Jana Nicole Johnson vs  Standard Restaurant Supply

**Claim 3.3.1:**    Alex Martin vs Washakie Ranch
**Claim 3.3.2:**    Alex Martin vs John Daniel Kingston, Sr.
**Claim 3.3.3:**    Alex Martin vs A&W
**Claim 3.3.4:**    Alex Martin vs The Food Group
**Claim 3.3.5:**    Alex Martin vs Jacob Ortell Kingston, Sr
**Claim 3.3.6:**    Alex Martin vs American Wellness and Rehab Clinic

## Fourth Cause of Action - Involuntary Servitude

**Statute of Limitations: 10 years after cause of action arose, OR**
**Statute of Repose:        10 years after plaintiff turned 18, if a minor.**

**Claim 4.1.1:**    Amanda Grant vs Fidelity Lending aka the Order Bank
**Claim 4.1.2:**    Amanda Grant vs Rachel Orlean Kingston Young
**Claim 4.1.3:**    Amanda Grant vs Deborah Williams

*Page 6*

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

**Claim 4.1.4:**    Amanda Grant vs David Ortell Kingston
**Claim 4.1.5:**    Amanda Grant vs Jason Ortell Kingston
**Claim 4.1.6:**    Amanda Grant vs Paul Elden Kingston, Sr.
**Claim 4.1.7:**    Amanda Grant vs Advanced Copy
**Claim 4.1.8:**    Amanda Grant vs Jesse Orvil Kingston
**Claim 4.1.9:**    Amanda Grant vs John's Market Place
**Claim 4.1.10:**   Amanda Grant vs Hyrum Dalton Kingston
**Claim 4.1.11:**   Amanda Grant vs Ensign Learning Center

**Claim 4.2.1:**    Jenny Kingston vs Advance Vending
**Claim 4.2.2:**    Jenny Kingston vs Family Stores True Value
**Claim 4.2.3:**    Jenny Kingston vs the Order Bank aka Century Office
**Claim 4.2.4:**    Jenny Kingston vs Rachel Ann Kingston Young
**Claim 4.2.5:**    Jenny Kingston vs Deborah Williams
**Claim 4.2.6:**    Jenny Kingston vs Paul Elden Kingston, Sr.
**Claim 4.2.7:**    Jenny Kingston vs Standard Restaurant Supply
**Claim 4.2.8:**    Jenny Kingston vs A-1 Disposal
**Claim 4.2.9:**    Jenny Kingston vs John Daniel Kingston, Sr.
**Claim 4.2.10:**   Jenny Kingston vs Ensign Learning Center
**Claim 4.2.11:**   Jenny Kingston vs Hyrum Dalton Kingston
**Claim 4.2.12:**   Jenny Kingston vs WRE
**Claim 4.2.13:**   Jenny Kingston vs United Fuel Supply
**Claim 4.2.14:**   Jenny Kingston vs UFS Management
**Claim 4.2.15:**   Jenny Kingston vs Sally Kingston
**Claim 4.2.16:**   Jenny Kingston vs Rachel Ann Kingston Young
**Claim 4.2.17:**   Jenny Kingston vs Jacob Ortell Kingston

**Claim 4.3.1:**    Jana Johnson vs Fidelity Lending
**Claim 4.3.2:**    Jana Johnson vs the Order Bank
**Claim 4.3.3:**    Jana Johnson vs Deborah Williams
**Claim 4.3.4:**    Jana Johnson vs Paul Elden Kingston, Jr.
**Claim 4.3.5:**    Jana Johnson vs Paul Elden Kingston, Sr.
**Claim 4.3.6:**    Jana Johnson vs Standard Restaurant Supply
**Claim 4.3.7:**    Jana Johnson vs Defendants

**Claim 4.4.1:**    Julie Green vs the Order Office aka Century Office
**Claim 4.4.2:**    Julie Green vs Garco Property Management
**Claim 4.4.3:**    Julie Green vs Arrow Real Estate
**Claim 4.4.4:**    Julie Green vs the Order
**Claim 4.4.5:**    Julie Green vs Jason Ortell Kingston

**Claim 4.5.1:**    Michelle Michaels vs American Digital Systems
**Claim 4.5.2:**    Michelle Michaels vs Jesse Orvil Kingston
**Claim 4.5.3:**    Michelle Michaels vs Michelle Afton Michaels

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

**Claim 4.5.4:**    Michelle Michaels vs the Order Bank
**Claim 4.5.5:**    Michelle Michaels vs Jolene Andrews
**Claim 4.5.6:**    Michelle Michaels vs Deborah Williams
**Claim 4.5.7:**    Michelle Michaels vs Paul Elden Kingston, Sr.
**Claim 4.5.8:**    Michelle Michaels vs Rachel Orlean Kingston Young
**Claim 4.5.9:**    Michelle Michaels vs AAA Communications
**Claim 4.5.10:**    Michelle Michaels vs Jesse Orvil Kingston
**Claim 4.5.11:**    Michelle Michaels vs Michelle Afton Michaels

**Claim 4.6.1:**    Allison Eames vs A-1 Disposal
**Claim 4.6.2:**    Allison Eames vs John Daniel Kingston, Sr.
**Claim 4.6.3:**    Allison Eames vs the Order
**Claim 4.6.4:**    Allison Eames vs Washakie Ranch
**Claim 4.6.5:**    Allison Eames vs Valerie Martin
**Claim 4.6.6:**    Allison Eames vs April McKay
**Claim 4.6.7:**    Allison Eames vs the Order Bank
**Claim 4.6.8:**    Allison Eames vs John's Market Place
**Claim 4.6.9:**    Allison Eames vs Family Stores True Value

**Claim 4.7.1:**    Priscilla Tucker vs Standard Restaurant Supply
**Claim 4.7.2:**    Priscilla Tucker vs Family Store True Value
**Claim 4.7.3:**    Priscilla Tucker vs Ensign Learning Center
**Claim 4.7.4:**    Priscilla Tucker vs Hyrum Dalton Kingston
**Claim 4.7.5:**    Priscilla Tucker vs Patricia Kingston
**Claim 4.7.6:**    Priscilla Tucker vs Paul Elden Kingston, Sr.
**Claim 4.7.7:**    Priscilla Tucker vs CTC Trucking
**Claim 4.7.8:**    Priscilla Tucker vs Jacob Ortell Kingston, Sr.
**Claim 4.7.9:**    Priscilla Tucker vs Rachel Ann Kingston
**Claim 4.7.10:**    Priscilla Tucker vs the Order
**Claim 4.7.11:**    Priscilla Tucker vs WRE

**Claim 4.8.1:**    Brenda Collins vs John Daniel Kingston, Sr.
**Claim 4.8.2:**    Brenda Collins vs A-1 Disposal
**Claim 4.8.3:**    Brenda Collins vs
**Claim 4.8.4:**    Family Store True Value

**Claim 4.9.1:**    Alex Martin vs Washakie Ranch
**Claim 4.9.2:**    Alex Martin vs John Daniel Kingston, Sr.
**Claim 4.9.3:**    Alex Martin vs A&W
**Claim 4.9.4:**    Alex Martin vs The Food Group
**Claim 4.9.5:**    Alex Martin vs Jacob Ortell Kingston, Sr.
**Claim 4.9.6:**    Alex Martin vs the Order
**Claim 4.9.7:**    Alex Martin vs American Wellness

*Page 8*

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

**Claim 4.10.1:**    Mary Ann Robinson vs Advance Vending
**Claim 4.10.2:**    Mary Ann Robinson vs Family Stores True Value
**Claim 4.10.3:**    Mary Ann Robinson vs the Order
**Claim 4.10.4:**    Mary Ann Robinson vs John's Market
**Claim 4.10.5:**    Mary Ann Robinson vs Karen Anderson
**Claim 4.10.6:**    Mary Ann Robinson vs Sierra Wholesale
**Claim 4.10.7:**    Mary Ann Robinson vs the Order Bank
**Claim 4.10.8:**    Mary Ann Robinson vs Paul Elden Kingston, Sr.
**Claim 4.10.9:**    Mary Ann Robinson vs the Order's Idaho potato farm
**Claim 4.10.10:**   Mary Ann Robinson vs A-1 Disposal
**Claim 4.10.11:**   Mary Ann Robinson vs John Daniel Kingston, Sr.

## Fifth Cause of Action - Civil Conspiracy
      **Statute of Limitations: 4 years after cause of action accrues.**
      **Does not run during the time that an individual is underage.**
**Claim 5:**    Amanda Rae Grant, Jenny Kingston, Jana Nicole Johnson, Julie Ruth Green, Michelle Ruth Michaels, Allison Eames, Priscilla Tucker, Brenda Collins, Alex Martin, and Mary Ann Robinson vs. "Defendants".

## Sixth Cause Of Action - Sexual Battery And Abuse Of Children
      **AGAINST A PERPETRATOR - ANY TIME - NO STATUTE OF LIMITATIONS.**
      **Statute of Repose against a non-perpetrator:  Age 18 plus four years.**
**Claim 6.1:**  Amanda Grant vs John Paul Johnson.
**Claim 6.2:**  Jenny Kingston vs Jacob Daniel Kingston Jr.
**Claim 6.3:**  Jana Johnson vs Daniel Charles Kingston.

## Seventh Cause of Action - Sexual Battery and Rape of Adults
      **Statute of Limitations: 4 years after cause of action accrues.**
**Claim 7.1:**  Jenny Kingston vs Jacob Daniel Kingston Jr.
**Claim 7.2:**  Jana Johnson vs Daniel Charles Kingston.
**Claim 7.3:**  Julie Green vs Paul Elden Kingston, Jr.

## Eighth Cause of Action - Negligent Sexual Battery and Abuse of a Child
      **AGAINST A PERPETRATOR - ANY TIME - NO STATUTE OF LIMITATIONS.**
      **Statute of Repose against a non-perpetrator:  Age 18 plus four years.**

**Claim 8.1.1:**    Jenny Kingston vs Jacob Daniel Kingston Jr.
**Claim 8.1.2:**    Jenny Kingston vs Jacob Ortell Kingston, Sr.
**Claim 8.1.3:**    Jenny Kingston vs Sally Kingston
**Claim 8.1.4:**    Jenny Kingston vs John Daniel Kingston, Sr.
**Claim 8.1.5:**    Jenny Kingston vs John Daniel Kingston, Jr.
**Claim 8.1.6:**    Jenny Kingston vs Jeremy Ortell Kingston, Sr.
**Claim 8.1.7:**    Jenny Kingston vs Paul Elden Kingston, Sr.

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

**Claim 8.2.1:**    Jana Johnson vs Daniel Charles Kingston
**Claim 8.2.2:**    Jana Johnson vs Paul Elden Kingston, Sr.
**Claim 8.2.3:**    Jana Johnson vs Patricia Kingston
**Claim 8.2.4:**    Jana Johnson vs Kent William Johnson

**Claim 8.3.1:**    Julie Green vs Paul Elden Kingston, Jr.
**Claim 8.3.2:**    Julie Green vs Paul Elden Kingston, Sr.
**Claim 8.3.3:**    Julie Green vs Patricia Kingston.

## Punitive Damages
**Claim 9:**    All Plaintiffs vs. All Defendants.

## First Cause of Action - Federal Labor Trafficking

**Claim 1.1:**   Amanda Grant vs Fidelity Lending aka the Order Bank, Rachel Orlean Kingston Young, Deborah Williams, David Ortell Kingston, Jason Ortell Kingston, Paul Elden Kingston, Sr., Advanced Copy, Jesse Orvil Kingston, Paul Elden Kingston, Sr., John's Market Place, Hyrum Dalton Kingston, Ensign Learning Center.

**Claim 1.2:**   Jenny Kingston vs Advance Vending, Family Stores True Value, the Order Bank aka Century Office, Rachel Ann Kingston Young, Deborah Williams, Paul Elden Kingston, Sr., Standard Restaurant Supply, A-1 Disposal, John Daniel Kingston, Sr., Ensign Learning Center and Hyrum Dalton Kingston, WRE, United Fuel Supply, and UFS Management, Sally Kingston, Rachel Ann Kingston Young, Jacob Ortell Kingston.

**Claim 1.3:**   Jana Johnson vs Fidelity Lending, the Order Bank, Deborah Williams, Paul Elden Kingston, Property Compliance, Paul Elden Kingston, Sr. Standard Restaurant Supply and Defendants.

**Claim 1.4:**   Julie Green vs the Order, the Order Office aka Century Office, Garco Property Management, Arrow Real Estate, and Jason Ortell Kingston.

**Claim 1.5:**   Michelle Michaels vs American Digital Systems, Jesse Orvil Kingston, Michelle Afton Michaels, the Order Bank, Jolene Andrews, Deborah Williams, Paul Elden Kingston, Sr., Rachel Orlean Kingston Young, AAA Communications, Jesse Orvil Kingston, and Michelle Afton Michaels.

**Claim 1.6:**   Allison Eames vs A-1 Disposal, John Daniel Kingston, Sr., Washakie Ranch, Valerie Martin, April McKay, the Order Bank, John's Market Place, Family Stores True Value.

**Claim 1.7:**   Priscilla Tucker vs Standard Restaurant Supply, Family Store True Value, Ensign Learning Center, Hyrum Dalton Kingston, Patricia Kingston, Paul Elden Kingston, Sr., "Defendants in paragraphs 416-7 and 427", CTC Trucking, Jacob Ortell Kingston, Sr., Rachel Ann Kingston, WRE, and "Defendants in paragraphs 424-5 and 427".

*Page 10*

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

**Claim 1.8:**  Brenda Collins vs John Daniel Kingston, Sr., A-1 Disposal, the Order, and Family Store True Value.

**Claim 1.9:**  Alex Martin vs Washakie Ranch, John Daniel Kingston, Sr., A&W, The Food Group, Jacob Ortell Kingston, Sr., American Wellness and Rehab Clinic.

**Claim 1.10:** Mary Ann Robinson vs Advance Vending, Family Stores True Value, John's Market Place, Sierra Wholesale, the Order Bank, Paul Elden Kingston, Sr., the Order, A-1 Disposal, and John Daniel Kingston, Sr.

## Second Cause of Action - Federal Sex Trafficking

**Claim 2.1:**  Jenny Kingston vs Jacob Daniel Kingston Jr., Jacob Ortell Kingston, Sr., Sally Kingston, John Daniel Kingston, Sr., John Daniel Kingston, Jr., Jeremy Ortell Kingston, Sr., and Paul Elden Kingston, Sr.

**Claim 2.2:**  Jana Johnson vs Daniel Charles Kingston, Paul Elden Kingston, Sr., Patricia Kingston, and Kent William Johnson.

**Claim 2.3:**  Julie Green vs Paul Elden Kingston, Jr., Paul Elden Kingston, Sr., and Patricia Kingston.

## Third Cause of Action - Federal Fair Labor Standards Act

**Claim 3.1:**  Jenny Kingston vs. Advance Vending, Family Stores True Value, the Order Bank aka Century Office, Rachel Ann Kingston Young, Deborah Williams, Paul Elden Kingston, Sr., Standard Restaurant Supply, A-1 Disposal, John Daniel Kingston, Sr., Ensign Learning Center, Hyrum Dalton Kingston, WRE, United Fuel Supply, Sally Kingston, Rachel Ann Kingston Young, and Jacob Ortell Kingston.

**Claim 3.2:**  Jana Nicole Johnson vs Fidelity Lending, the Order Bank, Deborah Williams, Paul Elden Kingston, Jr., Property Compliance, Paul Elden Kingston, Sr., and Standard Restaurant Supply.

**Claim 3.3:**  Alex Martin vs Washakie Ranch, John Daniel Kingston, Sr., A&W, The Food Group, Jacob Ortell Kingston, Sr., and American Wellness and Rehab Clinic.

## Fourth Cause of Action - Involuntary Servitude

**Claim 4.1:**  Amanda Grant vs Fidelity Lending aka the Order Bank, Rachel Orlean Kingston Young, Deborah Williams, David Ortell Kingston, Jason Ortell Kingston, Paul Elden Kingston, Sr., Advanced Copy, Jesse Orvil Kingston, John's Market Place, Hyrum Dalton Kingston, and Ensign Learning Center.

*Page 11*

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

**Claim 4.2:**  Jenny Kingston vs Advance Vending, Family Stores True Value, the Order Bank aka Century Office, Rachel Ann Kingston Young, Deborah Williams, Paul Elden Kingston, Sr., Standard Restaurant Supply, A-1 Disposal, John Daniel Kingston, Sr., Ensign Learning Center, Hyrum Dalton Kingston, WRE, United Fuel Supply, UFS Management, Sally Kingston, Rachel Ann Kingston Young, and Jacob Ortell Kingston.

**Claim 4.3:**  Jana Johnson vs Fidelity Lending, the Order Bank, Deborah Williams, Paul Elden Kingston, Sr., Paul Elden Kingston, Sr., Standard Restaurant Supply, and Defendants.

**Claim 4.4:**  Julie Green vs the Order Office aka Century Office, Garco Property Management, Arrow Real Estate, the Order, and Jason Ortell Kingston.

**Claim 4.5:**  Michelle Michaels vs American Digital Systems, Jesse Orvil Kingston, Michelle Afton Michaels, the Order Bank, Jolene Andrews, Deborah Williams, Paul Elden Kingston, Sr., Rachel Orlean Kingston Young, AAA Communications, Jesse Orvil Kingston, and Michelle Afton Michaels.

**Claim 4.6:**  Allison Eames vs A-1 Disposal, John Daniel Kingston, Sr. the Order, Washakie Ranch, Valerie Martin, April McKay, the Order Bank, John's Market Place, and Family Stores True Value.
**Claim 4.7:**  Priscilla Tucker vs Standard Restaurant Supply, Family Store True Value, Ensign Learning Center, Hyrum Dalton Kingston, Patricia Kingston, Paul Elden Kingston, Sr., CTC Trucking, Jacob Ortell Kingston, Sr., Rachel Ann Kingston, the Order, and WRE.

**Claim 4.8:**  Brenda Collins vs John Daniel Kingston, Sr., A-1 Disposal, and Family Store True Value.

**Claim 4.9:**  Alex Martin vs Washakie Ranch, John Daniel Kingston, Sr., A&W, The Food Group, Jacob Ortell Kingston, Sr. the Order, and American Wellness.

**Claim 4.10:** Mary Ann Robinson vs Advance Vending, Family Stores True Value, the Order, John's Market, Karen Anderson, Sierra Wholesale, the Order Bank, Paul Elden Kingston, Sr., the Order's Idaho potato farm, A-1 Disposal, and John Daniel Kingston, Sr.

**Fifth Cause of Action - Civil Conspiracy   Claim 5:**    Amanda Rae Grant, Jenny Kingston, Jana Nicole Johnson, Julie Ruth Green, Michelle Ruth Michaels, Allison Eames, Priscilla Tucker, Brenda Collins, Alex Martin, and Mary Ann Robinson  vs. "Defendants".

**Sixth Cause Of Action - Sexual Battery And Abuse Of Children**
**Claim 6.1:**  Amanda Grant vs John Paul Johnson.
**Claim 6.2:**  Jenny Kingston vs Jacob Daniel Kingston Jr.
**Claim 6.3:**  Jana Johnson vs Daniel Charles Kingston.

**Seventh Cause of Action - Sexual Battery and Rape of Adults**
**Claim 7.1:**  Jenny Kingston vs Jacob Daniel Kingston Jr.
**Claim 7.2:**  Jana Johnson vs Daniel Charles Kingston.
**Claim 7.3:**  Julie Green vs Paul Elden Kingston, Jr.

**Grant v. Kingston Second Amended Complaint**
**STATUTE OF LIMITATIONS SUMMARY**

## Eighth Cause of Action - Negligent Sexual Battery and Abuse of a Child

**Claim 8.1.1:**    Jenny Kingston vs Jacob Daniel Kingston Jr.
**Claim 8.1.2:**    Jenny Kingston vs Jacob Ortell Kingston, Sr.
**Claim 8.1.3:**    Jenny Kingston vs Sally Kingston
**Claim 8.1.4:**    Jenny Kingston vs John Daniel Kingston, Sr.

**Claim 8.1.5:**    Jenny Kingston vs John Daniel Kingston, Jr.
**Claim 8.1.6:**    Jenny Kingston vs Jeremy Ortell Kingston, Sr.
**Claim 8.1.7:**    Jenny Kingston vs Paul Elden Kingston, Sr.

**Claim 8.2.1:**    Jana Johnson vs Daniel Charles Kingston
**Claim 8.2.2:**    Jana Johnson vs Paul Elden Kingston, Sr.
**Claim 8.2.3:**    Jana Johnson vs Patricia Kingston
**Claim 8.2.4:**    Jana Johnson vs Kent William Johnson

**Claim 8.3.1:**    Julie Green vs Paul Elden Kingston, Jr.
**Claim 8.3.2:**    Julie Green vs Paul Elden Kingston, Sr.
**Claim 8.3.3:**    Julie Green vs Patricia Kingston

## Punitive Damages
**Claim 9:**    All Plaintiffs vs. All Defendants.