Ryan C. Kingston (U.S.B. No. 14000)

ryankingston32@gmail.com

3212 S. State Street

Salt Lake City, Utah 84115

Telephone: (801) 915-9035

*Attorney for Elizabeth Smith dba Sierra Wholesale*

<table>
<tr><td colspan="2" align="center"><b>IN THE UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH, CENTRAL DIVISION</b></td></tr>
<tr><td>AMANDA RAE GRANT, et al.,<br>    Plaintiffs,<br><br><br>vs.<br><br><br><br>PAUL ELDEN KINGSTON, et al.,<br>    Defendants.</td><td><b>DEFENDANT ELIZABETH SMITH D/B/A SIERRA WHOLESALE'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MEMORANDUM IN SUPPORT</b><br><br><b>Case No. 2:24-cv-00155-JCB</b><br><br>Judge: Hon. Ann Marie McIff Allen<br>Magistrate Judge: Hon. Jared C. Bennett</td></tr>
</table>

Defendant Elizabeth Smith d/b/a Sierra Wholesale ("Sierra Wholesale" or "this Defendant") respectfully moves this Court to dismiss all claims against her with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## TABLE OF CONTENTS

**INTRODUCTION**.................................................................................................................... 2

**STATEMENT OF ALLEGED RELEVANT FACTS**.............................................................3

**LEGAL STANDARD**.............................................................................................................. 4

**ARGUMENT**............................................................................................................................ 5

  I. Plaintiffs Fail to State Any Plausible TVPRA Claim Against Sierra Wholesale (Counts I, II, and IV)......5

    A. The TAC Contains No Plausible Allegations That Sierra Wholesale Participated in Any "Venture" Involving Coercion.................................................................................................................5

B. The TAC Contains No Plausible Allegations That Elizabeth Smith "Knew or Should Have Known" of Any Coercion.................................................................................................................7

C. The Single, Isolated, and Remote Allegation Is Legally Insufficient Under Twombly and Iqbal.......8

D. Count IV (Sex Trafficking) Is Particularly Deficient..................................................................... 8

II. The FLSA Claim Against Sierra Wholesale Should Be Dismissed (Count III)............................9

A. The Allegations Against Sierra Wholesale Are Insufficient to State an FLSA Claim......................... 10

B. The Extreme Attenuation of the Allegations Against This Defendant Supports Dismissal.............11

C. Plaintiffs Have Had Multiple Opportunities to Plead a Viable Claim.................................................. 12

III. The Civil Conspiracy Claim Fails as a Matter of Law (Count V)..............................................12

A. The Conspiracy Claim Is Entirely Derivative and Cannot Survive Without a Viable Underlying Tort................................................................................................................................................... 13

B. The TAC Contains No Allegations of a "Meeting of the Minds" Involving Elizabeth Smith......... 13

C. There Are No Allegations of Any Overt Unlawful Act by Sierra Wholesale or Elizabeth Smith... 14

D. The Conclusory "Participant in the Order" Allegations Are Legally Insufficient.............................15

IV. The Complaint Engages in Impermissible Group and Shotgun Pleading as to This Defendant.......... 16

V.  Futility of Amendment.....................................................................................................................17

CONCLUSION......................................................................................................................................17

## INTRODUCTION

The Third Amended Complaint ("TAC") contains no plausible allegations that this Defendant participated in, knew about, or knowingly benefited from any labor trafficking, sex trafficking, involuntary servitude, or FLSA violation involving any Plaintiff.

The only factual allegation connecting any Plaintiff to Sierra Wholesale is that Plaintiff Mary Ann Robinson performed limited custodial and flooring-preparation work under the supervision of her own mother (non-party Mary Keaton) more than 18–20 years ago (roughly 2000–2008, when Mary Ann was between approximately 8 and 16 years old). TAC ¶¶ 502, 506, 510. There are zero allegations that Elizabeth Smith personally coerced anyone, knew of any coercion, or that Sierra Wholesale was part of any "venture" involving forced labor of the named Plaintiffs. This is precisely the type of threadbare and conclusory pleading that *Twombly* and *Iqbal* prohibit.

Plaintiffs have now filed three complaints. They have had ample opportunity to plead specific facts against this Defendant. They have failed to do so. Dismissal with prejudice is warranted.

## STATEMENT OF ALLEGED RELEVANT FACTS

Defendant Elizabeth Smith operates Sierra Wholesale, a small business with locations in Salt Lake City and Millcreek, Utah. TAC ¶ 48.

The TAC alleges that Sierra Wholesale "engages in interstate commerce as a participant in the Order, as part of the conspiracy…" TAC ¶ 48. This is a classic conclusory allegation with no supporting facts specific to this Defendant.

The only Plaintiff-specific allegation against Sierra Wholesale appears in the section concerning Plaintiff Mary Ann Robinson: "At Defendant Elizabeth Smith d/b/a Sierra Wholesale, she worked under her mother, Mary Keaton, performing custodial work and preparing flooring orders for installation." TAC ¶ 510.

This work occurred as part of a rotation through multiple Order-related businesses between 2000 and 2008, when Mary Ann Robinson was a child (born November 13, 1992). TAC ¶¶ 502, 506. When she asked about compensation, she was allegedly told she was earning "Blessings in Heaven." TAC ¶ 506.

There are no allegations that:

1. Elizabeth Smith personally directed, supervised, or was even aware of Mary Ann Robinson's work.

2. Elizabeth Smith knew of or participated in any coercive scheme.

3. Any other named Plaintiff ever worked at or had any contact with Sierra Wholesale.

4. Sierra Wholesale employed child labor or forced labor at any time after 2008 (or at all in any coercive manner).

The TAC contains no allegations of recent conduct, no payroll records, no communications, and no facts suggesting this Defendant "knew or should have known" of any trafficking venture under 18 U.S.C. § 1595.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Threadbare recitals of elements, supported by mere conclusory statements, do not suffice. *Id.* The Tenth Circuit has emphasized that a complaint must provide fair notice of the basis for each claim against each defendant and cannot rely on undifferentiated allegations that fail to identify the specific conduct attributable to each party. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Although factual allegations are accepted as true at the pleading stage, conclusory allegations unsupported by specific facts are insufficient to state a plausible claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192–93 (10th Cir. 2012). Group pleading that fails to distinguish among defendants does not provide the fair notice required by Rule 8. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

## ARGUMENT

### I. Plaintiffs Fail to State Any Plausible TVPRA Claim Against Sierra Wholesale (Counts I, II, and IV)

The Trafficking Victims Protection Reauthorization Act ("TVPRA") creates civil liability only where a defendant either directly engages in trafficking or "knowingly benefits, financially or by receiving anything of value, from participation in a venture" that the defendant "knew or should have known" involved forced labor, involuntary servitude, or sex trafficking. 18 U.S.C. §§ 1589(b), 1590(b), 1591(a), 1595(a). This is a demanding standard. It requires plausible factual allegations — not conclusions or group pleading — that the specific defendant participated in a venture involving coercion and had actual or constructive knowledge of that coercion.

The Third Amended Complaint fails to meet this standard as to Sierra Wholesale or Elizabeth Smith in every respect.

### A. The TAC Contains No Plausible Allegations That Sierra Wholesale Participated in Any "Venture" Involving Coercion

The TVPRA's "venture" liability provision requires more than mere association with other defendants or general participation in an alleged enterprise. A plaintiff must allege facts showing that the specific defendant took part in a common undertaking or enterprise involving the trafficking, rather than merely demonstrating a business relationship with a third party. While courts look to factors like shared physical space, common pools of profit, or direct observation of red flags to establish a "venture," *see Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726-27 (11th Cir. 2021), a plaintiff must still demonstrate a nexus between the defendant and the coercive undertaking. *See also Roe v. Howard*, 917 F.3d 229, 239 (4th Cir. 2019).

Here, the TAC contains no allegations that Sierra Wholesale took any action to participate in a venture involving forced labor or sex trafficking of any named Plaintiff. The sole allegation connecting any Plaintiff to Sierra Wholesale is found in a single sentence: "At Defendant Elizabeth Smith d/b/a Sierra Wholesale, she worked under her mother, Mary Keaton, performing custodial work and preparing flooring orders for installation." TAC ¶ 510.

This allegation is legally insufficient for multiple reasons: First, the work was performed under the supervision of the Plaintiff's own mother, a non-party. The TAC does not allege that Elizabeth Smith supervised, directed, or even knew about Mary Ann Robinson's work.

Second, there are no facts showing any coercion by or attributable to Sierra Wholesale. The TAC does not allege that anyone at Sierra Wholesale threatened Mary Ann, restricted her movement, withheld wages, or engaged in any of the coercive acts defined in 18 U.S.C. § 1589(c).

Third, there are no facts showing that Sierra Wholesale was part of any ongoing "venture" involving the named Plaintiffs. The allegation describes, at most, a few hours or days of work performed by one Plaintiff nearly two decades ago as part of a rotation through multiple businesses. The TAC does not plausibly allege that Sierra Wholesale participated in a venture involving trafficking.

Finally, no other Plaintiff is alleged to have had any contact with Sierra Wholesale. The TAC is completely silent as to any involvement by Sierra Wholesale with the other nine named Plaintiffs.

**B. The TAC Contains No Plausible Allegations That Elizabeth Smith "Knew or Should Have Known" of Any Coercion**

Even if the TAC had adequately alleged participation in a venture (which it does not), it still fails to allege the critical scienter element — that Elizabeth Smith "knew or should have known" the venture involved coercion. 18 U.S.C. § 1595(a).

The TAC is devoid of any facts suggesting that Elizabeth Smith possessed such knowledge. There are no allegations that Elizabeth Smith was aware that Mary Ann Robinson was working without compensation; that she knew that Mary Ann was told she was earning "Blessings in Heaven"; that she had any knowledge of Mary Ann's Order Bank account or any alleged diversion of her earnings; that she was aware of any broader pattern of child labor or coercion at Sierra Wholesale; or that she had any communications with other Defendants about labor practices involving the named Plaintiffs.

The Supreme Court and circuit courts have made clear that constructive knowledge under the TVPRA requires more than general awareness of labor practices in an industry. Beneficiary liability under the TVPRA requires factual allegations connecting the defendant's receipt of a benefit to participation in a venture involving trafficking, rather than merely alleging a relationship with an entity or industry in which trafficking allegedly occurred. *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1175–77 (9th Cir. 2022). Constructive knowledge requires facts showing that the defendant knew or should have known that the specific venture involved trafficking. *See, e.g., Doe v. Twitter, Inc.*, 555 F. Supp. 3d 809, 836–37 (N.D. Cal. 2021); *see also Ratha*, 35 F.4th 1159 (9th Cir. 2022). No such facts exist here.

7

**C. The Single, Isolated, and Remote Allegation Is Legally Insufficient Under**

***Twombly* and *Iqbal***

The Supreme Court has repeatedly held that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The TAC's treatment of Sierra Wholesale is the textbook example of what these cases prohibit.

The complaint attempts to sweep Sierra Wholesale into this case through vague, repetitive assertions that it was "a participant in the Order, as part of the conspiracy." TAC ¶ 48. These are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me" allegations that *Iqbal* forbids. 556 U.S. at 678. When the complaint is stripped of these conclusory labels, nothing remains against this Defendant except one sentence describing work performed by one Plaintiff under her own mother's supervision between 2000 and 2008.

Courts have routinely dismissed secondary TVPRA claims against peripheral defendants where a plaintiff fails to connect a commercial relationship to a specific trafficking venture. In *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159 (9th Cir. 2022), the court emphasized that TVPRA beneficiary liability requires plausible allegations of knowing participation in a venture that the defendant knew or should have known involved trafficking. Again, no such allegations exist against Sierra Wholesale.

**D. Count IV (Sex Trafficking) Is Particularly Deficient**

Count IV alleges sex trafficking under 18 U.S.C. § 1591 and beneficiary liability under § 1595. To state a claim under Section 1591, a plaintiff must allege that a defendant engaged in or benefited from a venture involving a "commercial sex act" induced by force, fraud, or coercion. The TAC,

however, contains not a single allegation linking Sierra Wholesale or Elizabeth Smith to any sex trafficking, sexual abuse, sexual exploitation, or commercial sex act involving any Plaintiff.

Instead, the sex trafficking claim against this Defendant rests entirely on paragraph 510, which describes localized custodial work and preparing flooring orders. The TAC effectively attempts to transform an allegation of childhood assistance of a parent with flooring installation into a federal claim for sex trafficking under Section 1591, without alleging a single commercial sex encounter, sex act, or sex-based coercion attributable to this Defendant. There are no facts suggesting that Sierra Wholesale was involved in, benefited from, or had any knowledge of any sex trafficking venture. This claim is wholly unsupported by any factual allegation in the complaint.

In sum, the TAC fails to allege facts that would establish either (1) Sierra Wholesale's participation in a venture involving coercion or (2) Elizabeth Smith's knowledge or constructive knowledge of any such coercion. The single, isolated allegation involving one Plaintiff's childhood work under her own mother's direction more than eighteen years ago is legally insufficient to state a claim under the TVPRA. Counts I, II, and IV should be dismissed with prejudice as to this Defendant.

### II. The FLSA Claim Against Sierra Wholesale Should Be Dismissed (Count III)

In its March 31, 2026 Order, the Court denied Sierra Wholesale's motion to dismiss on timeliness grounds (except as to one narrow negligent child sexual abuse claim involving a different plaintiff, Jenny Kingston). That ruling addressed only the temporal limits of the claims based on the record then before the Court, without evaluating whether the core components of an employment relationship were adequately alleged. While the Court's prior ruling preserves the timeline of the action, the underlying factual sufficiency of the claims under *Twombly* and *Iqbal* remains unexamined.

The Third Amended Complaint reveals that the actual substantive allegations against Sierra Wholesale are extraordinarily thin—limited to a single sentence describing custodial and flooring-preparation work performed by Plaintiff Mary Ann Robinson under her own mother's supervision nearly two decades ago. Independent of any statute of limitations analysis, the TAC fails to state the essential prima facie elements of an FLSA claim under Rule 12(b)(6) because it lacks any foundational facts establishing an employer-employee relationship, hours worked, or willful violations by Elizabeth Smith.

**A. The Allegations Against Sierra Wholesale Are Insufficient to State an FLSA Claim**

To state a claim under the FLSA, a plaintiff must allege facts showing that she was an "employee" of the defendant and that the defendant failed to pay minimum wage or overtime. Whether an employment relationship exists under the FLSA depends on the economic realities of the relationship, including whether the alleged employer exercised control over the work and had the ability to prevent the alleged violation. *Baker v. Flint Engineering & Construction Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998). The TAC does not come close to meeting this standard as to Sierra Wholesale. The only allegation connecting Mary Ann Robinson to Sierra Wholesale is the following single sentence: "At Defendant Elizabeth Smith d/b/a Sierra Wholesale, she worked under her mother, Mary Keaton, performing custodial work and preparing flooring orders for installation." TAC ¶ 510.

This allegation is deficient for several independent reasons. There are no facts showing that Sierra Wholesale was Mary Ann Robinson's "employer." The TAC alleges that she worked "under her mother," a non-party. It does not allege that Elizabeth Smith supervised her, controlled her work, or had any employment relationship with her. There are no facts showing that Sierra

Wholesale failed to pay minimum wage or overtime. The TAC does not allege what hours Mary Ann worked at Sierra Wholesale, what she was paid (if anything), or how any compensation she received violated the FLSA. There are no facts showing willfulness by this Defendant. Willfulness requires more than ordinary negligence and requires proof that the employer either knew or showed reckless disregard for whether its conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133–35 (1988). Even if the three-year limitations period applied, the TAC contains no allegations that Elizabeth Smith knew of or recklessly disregarded any FLSA obligations.

These deficiencies exist independent of any timeliness analysis. The Court's prior ruling on the statute of limitations does not preclude dismissal where, as here, the complaint fails to state a plausible claim in the first instance.

**B. The Extreme Attenuation of the Allegations Against This Defendant Supports Dismissal**

The allegations against Sierra Wholesale stand in stark contrast to those against other defendants in this case. For most defendants, Plaintiffs have alleged some ongoing or more recent involvement with one or more of the named Plaintiffs. With respect to Sierra Wholesale, Plaintiffs have alleged only that one Plaintiff performed a limited amount of custodial and flooring-preparation work under her own mother's direction between 2000 and 2008.

This single, isolated, and remote allegation — involving work performed under the supervision of a non-party — is insufficient to support an FLSA claim against this Defendant under *Twombly* and *Iqbal*. The Court's prior denial of the timeliness motion does not require it to allow a claim to proceed when the underlying factual allegations are this sparse and attenuated.

### C. Plaintiffs Have Had Multiple Opportunities to Plead a Viable Claim

This is Plaintiffs' Third Amended Complaint. They have had three opportunities to plead specific facts showing that Sierra Wholesale violated the FLSA with respect to Mary Ann Robinson or any other Plaintiff. They have failed to do so. The continued absence of any meaningful factual allegations against this Defendant — after multiple amendments and after the Court has already ruled on timeliness — confirms that no such facts exist.

In summary, even assuming the Court's prior timeliness ruling applies to the FLSA claim against Sierra Wholesale, the TAC fails to state a plausible FLSA claim against this Defendant. The allegations are limited to a single sentence describing work performed by one Plaintiff under her own mother's supervision nearly twenty years ago, with no facts showing an employment relationship, any FLSA violation, or willfulness by Elizabeth Smith. Count III should be dismissed with prejudice as to Sierra Wholesale.

### III. The Civil Conspiracy Claim Fails as a Matter of Law (Count V)

Under Utah law, a civil conspiracy claim requires proof of five elements: (1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages proximately caused by the conspiracy. *See Peterson v. Delta Air Lines, Inc., 2002 UT App 56, ¶ 12, 42 P.3d 1253; see also Alta Health Strategies, Inc. v. CCI Mech., Inc., 930 P.2d 280, 283 (Utah Ct. App. 1996).* All five elements must be pleaded with plausible factual allegations. Conclusory assertions of an agreement or participation in a larger enterprise are insufficient.

The TAC fails to satisfy these requirements as to Sierra Wholesale or Elizabeth Smith in multiple independent respects.

**A. The Conspiracy Claim Is Entirely Derivative and Cannot Survive Without a Viable Underlying Tort**

Utah courts have consistently held that civil conspiracy is a derivative claim. It "is not an independent tort but rather a basis for imposing liability on those who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *See Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 798 (Utah 1985). Because a conspiracy claim cannot stand without an underlying actionable tort, the failure to state a viable claim for labor trafficking, sex trafficking, involuntary servitude, or FLSA violations against Sierra Wholesale necessarily dooms the conspiracy claim as well.

As demonstrated in the preceding sections, the TAC fails to state any plausible underlying tort claim against this Defendant. The only allegation connecting any Plaintiff to Sierra Wholesale is a single sentence describing work performed by Mary Ann Robinson under her own mother's supervision nearly two decades ago. There are no facts showing that Sierra Wholesale committed any tortious act against any Plaintiff. Without an underlying tort, the conspiracy claim against this Defendant cannot proceed.

**B. The TAC Contains No Allegations of a "Meeting of the Minds" Involving Elizabeth Smith**

A civil conspiracy requires a "meeting of the minds" — a specific agreement between the alleged conspirators to accomplish the unlawful objective. *See, e.g., Alta Health Strategies*, 930 P.2d at 283. The TAC contains no facts suggesting that Elizabeth Smith ever entered into any agreement — with any other individual defendant, or any other entity defendant — to traffic labor, exploit minors, or commit any other unlawful act.

Instead, the complaint relies on vague, repetitive assertions that Sierra Wholesale was "a participant in the Order, as part of the conspiracy." TAC ¶ 48. These are classic conclusory allegations. They do not identify when any agreement was formed, what its terms were, who participated in it, or what specific conduct Elizabeth Smith agreed to undertake. Under *Twombly* and *Iqbal*, such boilerplate language is insufficient to plead the existence of a conspiracy. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007) (parallel conduct and conclusory assertions of agreement do not suffice).

## C. There Are No Allegations of Any Overt Unlawful Act by Sierra Wholesale or Elizabeth Smith

Even if Plaintiffs had adequately alleged an agreement (which they have not), they have failed to allege any "overt unlawful act" committed by this Defendant in furtherance of the conspiracy. The single allegation in paragraph 510 — that Mary Ann Robinson performed custodial and flooring-preparation work under her mother's direction — does not constitute an unlawful act by Sierra Wholesale. There are no facts showing that Elizabeth Smith directed, supervised, or even knew about this work, let alone that she committed any tortious or unlawful act in connection with it.

The TAC does not allege that Sierra Wholesale:

1. Coerced any Plaintiff into working;

2. Failed to pay wages in violation of law;

3. Participated in any scheme to divert wages to the Order Bank; or

4. Committed any other overt act that could serve as the predicate for conspiracy liability.

14

Without an overt unlawful act attributable to this Defendant, the conspiracy claim fails.

**D. The Conclusory "Participant in the Order" Allegations Are Legally Insufficient**

Throughout the TAC, Plaintiffs attempt to rope Sierra Wholesale into the alleged conspiracy through identical, formulaic language applied to dozens of unrelated businesses. This type of group pleading has been repeatedly rejected by federal courts. *See, e.g., Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (condemning shotgun pleading that fails to distinguish among defendants). The Supreme Court has made clear that a complaint must contain "more than labels and conclusions" and "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The TAC's repeated assertion that every "Order Business," including Sierra Wholesale, was "part of the conspiracy" is precisely the type of unadorned legal conclusion that *Iqbal* prohibits. It does not provide Elizabeth Smith with fair notice of what she is alleged to have done wrong or how she allegedly agreed to participate in any unlawful scheme.

In sum, the civil conspiracy claim against Sierra Wholesale fails for multiple independent reasons: it is derivative of underlying tort claims that are not plausibly pleaded; there is no allegation of a meeting of the minds involving Elizabeth Smith; there is no allegation of any overt unlawful act by this Defendant; and the complaint relies on conclusory group-pleading language that is insufficient under controlling Supreme Court precedent. Count V should be dismissed with prejudice as to this Defendant.

**IV. The Complaint Engages in Impermissible Group and Shotgun Pleading as to This Defendant**

The Third Amended Complaint repeatedly lumps Sierra Wholesale together with dozens of other unrelated "Order Businesses" through the use of identical, formulaic, and conclusory language. Throughout the pleading, Plaintiffs assert — without differentiation — that each of these businesses was "a participant in the Order, as part of the conspiracy," engaged in interstate commerce "through the conspiracy," and somehow benefited from the alleged enterprise-wide scheme. *See*, e.g., TAC ¶ 48. This is the hallmark of shotgun pleading. The Tenth Circuit has likewise required complaints to provide fair notice of the claims and factual basis asserted against each defendant. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

Shotgun pleadings violate Rule 8 because they "fail[] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). They force defendants and courts to sift through hundreds of paragraphs of generalized allegations to determine what, if anything, is actually being asserted against each individual defendant. Courts across the country have repeatedly condemned this practice and have dismissed complaints that fail to connect specific factual allegations to specific defendants. *See, e.g., Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295–96 (11th Cir. 2002); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1340 (11th Cir. 2010).

Here, the problem is particularly acute. Despite the TAC's length (138 pages), the only factual allegation that connects any Plaintiff to Sierra Wholesale is a single sentence in paragraph 510 describing work performed by Mary Ann Robinson under her own mother's supervision nearly two

16

decades ago. There are no allegations of recent conduct, no allegations involving any other Plaintiff, and no allegations of any specific act or omission by Elizabeth Smith. Yet Plaintiffs seek to drag this Defendant into years of costly litigation based solely on the same generic "participant in the Order / part of the conspiracy" language they apply to every other business named in the complaint.

This Defendant should not be forced to incur the substantial expense of discovery, motion practice, and trial when the complaint provides no meaningful notice of what she is alleged to have done wrong. The shotgun nature of the pleading is especially unfair in this case because the actual facts pleaded against Sierra Wholesale are so minimal and attenuated. Allowing this claim to proceed would reward imprecise and overbroad pleading at the expense of basic fairness and judicial economy.

## V.  Futility of Amendment

This is Plaintiffs' Third Amended Complaint. They have had multiple opportunities to plead specific facts against this Defendant. They have failed to do so despite having access to the named Plaintiff (Mary Ann Robinson) who allegedly worked at the business. Further amendment would be futile and would only serve to prolong this litigation against a peripheral defendant with no plausible connection to the claims. Further, leave to amend is not required where amendment would be futile. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). Because Plaintiffs have already filed three complaints and have not alleged facts connecting this Defendant to any actionable conduct, further amendment would not cure the pleading defects.

## CONCLUSION

For the foregoing reasons, Defendant Elizabeth Smith d/b/a Sierra Wholesale respectfully requests that this Court:

1.  Dismiss all claims against her with prejudice pursuant to Rule 12(b)(6);

2.  Award such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of June, 2026.

/s/ Ryan C. Kingston
*Ryan C. Kingston*

**CERTIFICATE OF SERVICE.**

**I hereby certify that on June 15, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.**

**/s/ Ryan C. Kingston**